GRAUER v. SCHENLEY PRODUCTS CO., Inc.

District Court, S. D. New York.
Nov. 10, 1938.

Avel B. Silverman, of New York City, for plaintiff.

Chadbourne, Wallace, Parke & Whiteside, of New York City (James K. Crim-

mins, of New York City, of counsel), for defendant.

CONGER, District Judge.

There are three motions before the Court in the above action; to vacate and set aside notices, to take depositions of the parties herein, and of one witness.

It was agreed by the attorneys to argue the motions together, and that they might be considered and decided together. The motions are based upon the following notices: (1) notice on the part of the defendant to examine the plaintiff. This notice is dated September 28, 1938, and served on or about the same day. The plaintiff moves to vacate and set aside the said notice. (2) Notice to take the deposition of Abraham Rubin. This notice is dated September 28, 1938, and was served on or about the same day. Both the plaintiff and Abraham Rubin have moved to vacate and set aside this notice. (3) Notice on the part of the plaintiff to take depositions of certain officers and employees of the defendant. This notice is dated October 18, 1938, and was served on or about the same day.

All of said motions to vacate and set aside the said notices to take depositions are denied. Each of the parties are entitled to the examination asked for in the various notices. Each of the parties is entitled to examine the other party "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether relating to the claim or defense of the examining party or to the claim or defense of any other party * * *". Rule 26 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The examinations asked for come clearly within the provisions of this rule. These rules purport to provide a systematic and complete scheme on a very liberal basis for discovery of various kinds before trial.

These examinations should be taken in the order in which they were demanded; that is, the defendant having first asked for the examination is entitled first to have his examination and then the plaintiff's to follow. There is some contention on the part of the plaintiff that this gives the defendant an undue advantage inasmuch as his notice of examination can be served with his answer. However, the rules do provide for an examination on the part of the plaintiff after jurisdiction has been obtained over the defendant. Rule 26(a) of the Federal Rules of Civil Procedure.

With regard to the examination of the defendant, Rubin, he may not be compelled to answer any question which is "privileged". From the general nature of the questions set forth in the notice of examination the court is unable to lay down any rule at this time, as to which are privileged. However, the witness Rubin, of course, may not be compelled to testify to such things as are privileged by reason of the relationship of attorney and client, between him and the plaintiff herein, the general rule being that matters are confidential which the attorney came into possession of by reason of communications made to him by his client or advice given thereon to his client in the course of his professional employment.

The examinations are to take place in the following order: (1) the examination of the plaintiff by the defendant; (2) the examination of Abraham Rubin by the defendant, after which there shall be had the examination asked for by the plaintiff. Settle order on notice.