## NORTON et al. v. COOPER JARRETT, Inc., et al.

District Court, N. D. New York.

Dec. 28, 1938.

E. John Ernst, of New York City (Julius L. Goldstein, of New York City, of counsel), for plaintiffs. ·

Henry P. Goldstein, of New York City, for defendants.

COOPER, District Judge.

This is a motion to vacate the notice of the examination before trial of the defendant Cooper Jarrett, Inc., of Kansas City, Mo., by its appropriate officer or agent and the defendant Joseph B. Wilson of Springfield, Mo., upon oral examination to be used as evidence in the action.

The notice was for examination at the office of E. John Ernst, Jr., the attorney for the plaintiff, 111 John Street, New York, N. Y.

The action is for negligence. The complaint alleges that the automobile operated by the plaintiff Arden L. Norton, Jr., and in which the other plaintiffs were riding was negligently run into by a motor tractor and trailer alleged to be owned by the defendants.

The notice states that the plaintiffs wish to ascertain the correct motor number and ownership of the tractor and trailer and that they were at the time being operated under the supervision, direction and control of the defendants or their agents; that the tractor and trailer had defective brakes and windshield wiper and defroster and other things later referred to herein as far as may be necessary to the decision.

The grounds of the motion to vacate are:

(1) The notice is defective in that it fails to set forth the person before whom the said examination is to take place.

(2) The notice fixes the office of the attorney for the plaintiff as the place of the examination.

(3) The persons to be examined are not residents of any of the counties in the Northern District of New York nor within forty miles thereof.

(4) The matters upon which the examination is sought are improper.

(5) The notices of the examination are not in good faith.

The objection that the examination sought is not in good faith may be dismissed without further discussion.

That an examination upon the matters above set forth is appropriate under the Federal Procedure Rules, 28 U.S.C.A. following section 723c, can hardly be questioned.

That witnesses may be examined by plaintiff upon the subject of the acts constituting the alleged negligence as well as upon other matters is no objection, for such examination is permissible. This applies to parties as well as witnesses.

The defendants cannot raise the question that New York City is not the proper place for the examination for they consented in advance to an examination in that city where both counsel have their offices, and where the agents for the defendants, sought to be examined, probably reside or have their offices.

As to nonresidents of the district the court may fix the place.

In this view, it matters not where the persons sought to be examined reside so long as they may be reached by the process of this court. Any objections to compliance with rule 45(d) (2) may not under the circumstances here existing be raised by the defendants.

Persons residing in Missouri, however, should not be compelled to come to New York City for such examination. Even parties should not be so compelled without adequate provision for their expenses.

The parties have not directed the court's attention to any authority requiring the name of the person before whom the examination is to be taken to be stated. Neither Rule 30, nor Rule 45 so requires. But such statement is better practice.

The examination, however, should not take place in the office of the attorney for either side.

Both answers admit that the defendant Wilson was the owner of the motor tractor vehicle bearing license plaques 124–619 Mo. 1937, so no examination is necessary upon the subject of the ownership thereof.

It is very doubtful that plaintiffs are entitled to examine defendants as to plaintiff Arden L. Norton, Jr.'s, operation of the vehicle driven by him. That is

certainly in his own knowledge and that of the other plaintiffs.

Plaintiff may have the examination sought on the other subjects mentioned and may also require defendants to produce the shipping documents which accompanied the cargo transported by the truck and trailer.

An order may be entered modifying the notice of examination or directing the examination, and naming the person before whom the examination is to take place, the time and a place other than the office of plaintiff's attorney.

The proposed order should be modified in accordance herewith.

It may contain a direction for the examination of the defendants and any other witnesses in Missouri in accordance with the rules, if the necessary or desired witnesses and parties cannot be served for examination in New York City.

If the parties cannot agree upon the order it may be settled upon two days' notice.