### ALDERMAN TAILORS, Inc., et al. v. ALDERMAN TAILORS, Inc., et al.

District Court, S. D. New York.
May 27, 1942.

Samuel Markle, of New York City, for plaintiffs.

Emanuel S. Warshauer, of New York City (Leonard H. Steibel, of New York City, of counsel), for defendants.

GODDARD, District Judge.

Defendants' notice of examination was served on the plaintiffs prior to the service of plaintiffs' notice of examination of the defendants. For that reason, plaintiffs should be examined first. The fact that plaintiffs moved to examine defendants before issue was joined, which motion was withdrawn without prejudice, does not entitle them to a prior examination of the defendants.

Defendants indicated in their memorandum that if plaintiffs are examined first, defendants will be protected against a claim by the individual plaintiff that he solicited every customer whose name appears on defendants' books. It was to protect themselves against such a claim as this that defendants sought to limit the scope of plaintiffs' examination. As plaintiffs are to be examined first, there is no necessity for limiting their examination of the defendants.

Defendants' motion is granted to the extent of directing that plaintiffs be examined first, and in all other respects denied.

Plaintiffs' motion for an order vacating defendants' notice of examination, or limiting the testimony to be taken by deposition at the instance of the defendants, and directing that defendants' deposition be taken first, is denied.

Settle order on notice.