**BAKER et al. v. MIDTOWN BUS TERMINAL OF NEW YORK, Inc. (BUS DEPOT HOLDING CORPORATION, Third Party Defendant).**

District Court, S. D. New York.

June 5, 1942.

William McKelvey, of New York City, for plaintiff.

Abraham J. Halprin, of New York City, for Bus Depot Holding Corporation.

Lexow & Jenkins, of Suffern, N. Y., for Midtown Bus Terminal of New York, Inc.

MANDELBAUM, District Judge.

The third party defendant and the defendant move to stay plaintiff from taking the oral testimony of the defendant, pursuant to a notice to take deposition. The motion also requests that the production of certain books and records in conjunction with the examination, pursuant to a subpoena duces tecum, be stayed.

With respect to the examination before trial, it appears to be the desire of the moving parties to examine the plaintiff prior to submitting the defendant to an examination. The plaintiff had served his notice first and is entitled to an examination first. While this rule is not inflexible, nothing has been presented which impels the court to vary from the accepted practice.

With respect to the production of books and records in conjunction with the examination, the defendant contends that plaintiff has not complied with Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, in failing to ask for the production of the records by motion. Nevertheless, the defendant has expressed a willingness to have the court pass upon what books and records should be produced in order to save time. In view of this, the court will treat this phase of the motion as if made pursuant to Rule 34 of the Federal Rules of Civil Procedure.

The court will grant items 1, 2, 3, 4 and 7, and will deny the remaining items

set forth in the notice for the production of the books and records.

Settle order on notice.