**FRUIT GROWERS CO-OPERATIVE v. CALIFORNIA PIE & BAKING CO., Inc. (LONG ISLAND R. CO., et al., Third-party Defendants).**

Civ. A. No. 2692.

District Court, E. D. New York.

March 1, 1943.

See, also, D.C.N.Y., 2 F.R.D. 415.

Lord, Day & Lord, of New York City, for plaintiff (opposed).

Davis, Polk, Wardwell, Gardiner & Reed, of New York City (Matthew V. Stepsis, of New York City, of counsel), for third-party defendants Robert E. Woodruff, etc., and Erie R. R. Co., for motion.

Louis J. Carruthers, of New York City (William McNamara, of New York City, of counsel), for third-party defendant Long Island R. R. Co., for motion.

BYERS, District Judge.

Motion by third-party defendants to vacate notice of taking of the deposition on written interrogatories of one Bushman, or to postpone it until after plaintiff's deposition shall have been taken pursuant to notice; or the notice shall have been vacated pursuant to motion to that end, now pending and undetermined before another Judge of this court.

Concededly the latter notice was first in point of time, and unless there is good reason to the contrary (Kenealy v. Texas Co., D.C., 29 F.Supp. 502), the precedence governing the taking of depositions was thereby established.

The litigation seems to involve the question of whether three certain carloads of merchandise were damaged in transit because of poor loading, stowing, bracing, etc., at the initial point of departure, Green Bay, Wisconsin; or by reason of improper performance of the contract of carriage.

The object of the carriers, in examining the plaintiff, is to elicit its version of the facts as to all incidents of the placing of the merchandise within the cars.

. The object of the plaintiff in seeking the examination of Bushman, who was the agent of the initial receiving carrier, is to ascertain the same facts, as he observed them.

While there probably is a minimum magic in the order of taking depositions, no reason is seen for departing from the usual practice of permitting the examinations to proceed in the order in which they were noticed.

This means that the third-party defendants' motion will be granted to the extent

that the deposition of Bushman need not be taken until the plaintiff shall have been examined, or the motion to vacate the notice of its examination shall have been granted.

Settle order.