## GINSBERG v. RAILWAY EXPRESS AGENCY, Inc., et al.

District Court, S. D. New York.
March 22 and April 30, 1945.

See also 6 F.R.D. 370.

Irving I. Erdheim, of New York City, for plaintiff.

Saypol & Kotler, Charles C. Evans, Willis B. Rice, and Mock & Blum, all of New York City, for defendants.

CAFFEY, District Judge.

By order to show cause some of the defendants have brought on a motion for six kinds of relief, all dealing with proposed depositions to be taken orally.

The action is for patent infringement. It charges some of the defendants with making and selling merchandise shipping containers in infringement of plaintiff's patent, while it charges the Railway Express Agency (hereinafter called Railway) with

using, making and selling the containers, as well as with aiding and abetting the infringement of plaintiff's patent.

## I.

■ By its first request, the defendants seek to stay the taking of the depositions of certain parties and persons named in plaintiff's notice of February 26, 1945, until after defendants have examined the plaintiff. The ordinary rule is that the party first giving notice is entitled to the first examination, Grauer v. Schenley Products Co., D.C.,S.D.N.Y., 26 F.Supp. 768, 769. This may give defendants an advantage through serving notice of examination with their answers; but they failed to use it in this instance. Now they ask to be relieved of their neglect or oversight.

■ The defendants maintain that they will suffer a great disadvantage in that they will be examined with respect to a conspiracy for violating the patent rights of the plaintiff before they have had a chance to learn from him any details about the conspiracy. In the order of examination to be prescribed, I do not think this will matter. No other reason has been presented for altering the usual order of examination, and their first request will be denied.

## II.

■ Second, the defendants ask for an order requiring the plaintiff to appear in New York City for examination. Customarily such a request would be granted, Fruit Growers Cooperative v. California Pie & Baking Co., Inc., D.C.,E.D.N.Y., 3 F.R.D. 206, but in this case I believe it would be simpler, as well as fairer, to take the deposition of plaintiff at Dallas, Texas, where he lives. Their second request will be denied.

## III.

Third, the defendants move to vacate the notice of examination insofar as it concerns G. C. Matthews and E. L. Head and, fourth, the defendants move to vacate the notice of examination insofar as it relates to Mrs. Mary Tierney. All three of these people are employed by the defendant Railway in Texas or Oklahoma.

■ Matthews is superintendent of the Oklahoma Division of Railway and works at Oklahoma City, Oklahoma. Head is superintendent of the Western Texas Division, with headquarters at San Antonio, Texas. Although these men are managing agents of Railway in their districts, neither of those districts is within the Southern District of New York nor do their localities appear to have any important bearing on this case. From the original complaint I infer that the depositions of the two men are sought on matters occurring when they served in the Dallas office of Railway in lower capacities. Under those circumstances I do not believe that Railway is required to bring them to New York. It would also be too great a burden on Railway, an overworked public carrier, to have such key men brought to New York when they will probably only give information on whether Railway learned of the invention from the plaintiff—a side issue in the case.

Mrs. Tierney is a stenographer and clerk for Railway in Dallas. She is only a witness. Unquestionably, therefore, she must be examined in or near Dallas.

Requests three and four will be granted.

## IV.

■ In accordance with the above holdings, the examinations will be conducted in the following order and in the following places: Plaintiff may examine all of the other persons included in the notice of examination in this city. Then the examinations of Matthews, Head and Mrs. Tierney may be held out West. If convenient for Railway, I suggest that all of these depositions be taken at Dallas or Fort Worth, wherever suitable accommodations can be found, because those cities are centrally located for all the three last named witnesses. Otherwise, the examinations shall be taken at Oklahoma City for Matthews and San Antonio for Head. On the completion of the plaintiff's examinations, the defendants may examine the plaintiff and, if they desire, may then re-examine any witnesses previously examined.

## V.

■ Fifth, defendants request that the date of invention of both parties be simul-

taneously exchanged. This is proper and the dates will be exchanged two days before the first examination. A. B. Dick Co. v. Underwood Typewriter Co., D.C.,S.D.N.Y., 235 F. 300, 305. The dates exchanged will be those of conception and of reduction to practice.

## VI.

Sixth, defendants ask that the examinations in this city be held at some place other than in the office of plaintiff's attorney. The plaintiff consents to this, as he must (Havell v. Time, D.C.,S.D.N.Y., 1 F.R.D. 439), and unless the parties agree on some place, the examinations shall be noticed for Room 601, United States Court House, Foley Square, New York 7, N. Y.

Request granted.

## VII.

Settle order on notice. If counsel do not agree about dates, places, expense money and other details they may exchange memoranda and submit copies thereof with their proposed order. The order should provide that money advanced in connection with taking depositions, pursuant to the order, may be taxed as costs by the prevailing party or parties.

## Supplemental Opinion on Taking Testimony.

As I understand, at the April 16 hearing all matters involved in the pending motion were agreed on except with respect to taking the oral depositions of three witnesses. These are Messrs. Matthews (No. 1), Head (No. 2) and Ginsberg (No. 3). This memorandum deals only with those depositions.

There is room for debate on some phases of the rules and court decisions which control; but I do not believe it is necessary definitely to determine any of those controversies. After examining the cases cited in the briefs recently furnished and considering the letters addressed to me by counsel, I construe what they say as a consent by all of them to the depositions being taken in New York during July on two conditions. In substance, the conditions are as follows: First, in advance the plaintiff shall pay or give security for payment of the expenses of the travel and subsistence of Nos. 1 and 2 on their trips to and from New York in connection with giving their testimony. Second, the testimony of No. 3 shall be given immediately following completion of taking the depositions of the other two witnesses.

The facts are somewhat unusual. At the moment I do not make a final statement of my views on the legal questions presented Nevertheless, my impression is that what I have recited as and assumed to be the law is correct.

If I be right as to what has been agreed on or as to what is the controlling law, perhaps there is no occasion to enter an order for the purpose of carrying out the arrangement referred to above either as having been agreed on at the April 16 hearing or as now embodied in this memorandum. On the other hand, if an order be desired and there be differences between counsel as to what should be its precise terms, then let an order (applicable to all matters in dispute) be settled on two days' notice. In view of there having been several changes since the April 16 hearing, if an order be made it seems to me better that everything be included in a single document.