## MUTUAL FINANCE CORPORATION v. SOBOL.

District Court, S. D. New York.
March 25, 1946.

Benjamin Pepper, of New York City, for plaintiff.

Murray Bein, of New York City, for defendant.

CAFFEY, District Judge.

There are several questions for discussion. Insofar as I have discovered, there is no material dispute about the facts. I shall take up the matters in order. All the events in which we are interested occurred in 1946.

I. In the present state of the record Rule 26(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, governs the issue now presented in regard to which party is entitled to priority of examination. It is there provided as follows: "Without * * * leave after an answer has been served, the testimony of any person, * * * may be taken at the instance of any party * * · * upon oral examination * * * for the purpose of discovery or for use as evidence in the action."

With respect to the clause just quoted, in Grauer v. Schenley, D.C., S.D.N.Y., 26 F.Supp. 768, 769 (last paragraph in left column), the court said: "These examinations should be taken in the order in which they were demanded; that is, the defendant having first asked for the examination is entitled first to have his examination and then the plaintiff's to follow."

In Bough v. Lee, D.C., S.D.N.Y., 28 F. Supp. 673, 675 (left column second complete paragraph), the comment was that "Examinations of parties or witnesses under Rule 26 should ordinarily be taken in the order in which they were demanded." To the same effect in Kenealy v. Texas Co., D.C., S.D.N.Y., 29 F.Supp. 502, 504 (right column first full paragraph), the court wrote, "It has been held in this district that examinations under rule 26 should ordinarily take place in the order in which they are demanded."

Again, in Hillside Amusement Co. v. Warner Bros. Pictures, D.C., S.D.N.Y., 2 F.R.D. 275, 276 (left column), the opinion includes this statement: "Rule 26 authorizes the taking of testimony before answer 'by leave of court after jurisdiction has been obtained over any defendant', but plaintiff was prevented from proceeding in accordance with that provision by the defendants in obtaining the order mentioned. Plaintiff thus manifested its diligence, and desired to avail itself of the privilege given by the Rule. The defendants have succeeded in anticipating the actual service of a new notice of examination by plaintiff by seven days, and now claim that being first

in the field, they are entitled to priority of examination [citing several decisions]. But this Rule is not inflexible and may be varied in particular cases."

Lastly, in Fruit Growers Co-operative v. California Pie & B. Co., D.C.,E.D.N.Y., 48 F.Supp. 1021 (second and sixth paragraphs of the opinion), the statement of the court was this: "Concededly the latter notice was first in point of time, and unless there is good reason to the contrary * * *, the precedence governing the taking of depositions was thereby established. * * * no reason is seen for departing from the usual practice of permitting the examinations to proceed in the order in which they were noticed."

To the same effect are five other decisions in this court. These are Shemokin Woolen Mills, Inc. v. Cortille Fabrics Inc., D.C., 2 F.R.D. 25; Alderman Tailors, Inc., v. Alderman Tailors, Inc., D.C., 48 F.Supp. 750; Baker v. Midtown Bus Terminal of New York, Inc., D.C., 3 F.R.D. 70; Ginsberg v. Railway Express Agency, Inc., D. C., 6 F.R.D. 371; and Wilson v. O'Dowd.[1]

■ My feeling is that (1) the holding that the party first serving notice is entitled to the first examination is predominently prevalent and (2) in the present instance the defendant clearly gave the first notice. In view of these facts I think the defendant should prevail on the motion unless there be some good reason, resting on a separate ground, for adopting a different practice.

As I understand counsel, there is no denial of the prior notice having been served by the defendant. The defendant's service was on February 27. The plaintiff's service was on March 2. The service by the defendant was three days ahead of the service by the plaintiff.

■ True the plaintiff designated March 11 and the defendant designated March 12 as the day of examination. That is, the day chosen for examination of the plaintiff was one day ahead of the day fixed in his notice by the defendant. But, as already pointed out, the test is not the day for examination; but it is the day of service of the notice.

Assuming, however, that, confining consideration to the notices, the defendant was entitled first to examine the plaintiff, the question arises whether an obstacle from another source prevents the defendant from enjoying priority.

II. The defendant answered the complaint. He also set up a counterclaim. The answer was dated February 25 and was filed in the Clerk's office two days later (on the very day the defendant's notice of examination was served). Nevertheless, the papers in the file do not show whether, and if so when, an answer to or denial of the counterclaim was served or filed.

As is indisputable, the notice of examination of the plaintiff was served by the defendant and filed in the Clerk's office February 27. The notice also showed that the defendant desired to take the examination of Mr. Kosow, an officer of the plaintiff, and called for his production of a variety of forms of documents.

■ The defendant specified an address in New York City as the place for examining Mr. Kosow. The notice of examination served by the defendant does not, and never did, mention the address of Mr. Kosow or the county "wherein he resides or is employed or transacts his business in person" (Rule 45(d) (2); but the evidence shows that he resided and did business in Boston. So also, without procuring an order, it does not appear that Mr. Kosow was "required to attend only in the county wherein he is [was] served with a subpoena, or within 40 miles from the place of service" (Rule 45(d) (2). Moreover, it does not appear that there was tendered to the witness a subpoena requiring his attendance at a hearing or trial or that he was served "within the district, or at any place without the district that is within 100 miles of the * * * hearing or trial specified in the subpoena" (Rule 45(e) (1).

Finally, so far as appears, no order of court was made which commanded "the production of documentary evidence [such as here called for] on the taking of a deposition" (Rule 45(d) (1).

I shall not now discuss the numerous provisions of the rules recited or the ex-

[1] No opinion for publication.

tent to which those applicable were not complied with. I believe it is enough to concentrate on a single feature.

■ There was a plethora of defects in regard to taking the deposition of Mr. Kosow. One fault, however, was incurable and it will be enough to mention its authoritative description of it in 2 Moore's Federal practice, page 2465. There the learned writer said: " * * * if the defendant serves an answer which contains a counterclaim against the plaintiff, both parties would have to wait until a reply containing an answer to the counterclaim had been served before they could proceed to take depositions as of right with respect to the counterclaim."

The single error pointed out, as I conceive, constitutes a complete bar to taking the plaintiff's deposition and we need go no further. However clear, when standing alone, the theoretical right to precedence in giving the deposition, it was entirely lost by failure to join issue on the counterclaim.

III. The temporary stay of examination of the defendant is vacated and the motion is denied, but without prejudice. Settle order on two days' notice.