**EDWIN H. MORRIS & CO., Inc. v. WARNER BROS. PICTURES, Inc. et al.**

**Civ. No. 56-182.**

United States District Court
S. D. New York.

May 31, 1950.

Spring & Eastman, New York City, for plaintiff.

Dwight, Royall, Harris, Koegel & Caskey, New York City, for defendants Twentieth Century-Fox Film Corporation and Movietone Music Corporation (Ralph S. Harris, Harry J. McIntyre, John A. Wells and Chester B. McLaughlin, Jr., New York City, of counsel).

J. Robert Rubin, New York City, for defendant Loew's Incorporated.

Abeles & Bernstein, New York City, for defendants Robbins Music Corporation, Leo Feist, Inc., Miller Music Corporation, and Harry Warren Music, Incorporated (Julian T. Abeles, New York City, of counsel).

Phillips, Nizer, Benjamin & Krim, New York City, for defendants Paramount Pictures, Inc., Paramount Music Corporation and Famous Music Corporation (Louis Nizer, New York City, of counsel).

Adolph Schimel, New York City, for defendant Universal Pictures Co., Inc. (Saul Friedberg, New York City, of counsel).

R. W. Perkins, New York City, for defendants Warner Bros. Pictures, Inc., M. Witmark & Sons, Remick Music Corporation, Harms, Inc., New World Music Corporation, Atlas Music Corporation, Shubert Music Publishing Corporation and Advanced Music Corporation (Joseph Karp, New York City, of counsel)

MEDINA, District Judge.

Defendants herein move for an order vacating the notice to take depositions served by the plaintiff on April 24, 1950, or in the alternative, for an order granting the defendants precedence over the plaintiff in the taking of depositions.

This is a triple damage suit brought under the Sherman and Clayton Acts. 15 U. S.C.A. §§ 1 et seq., 12 et seq. It was commenced on March 2, 1950 by the filing of the complaint with the Clerk of this Court. The Marshal served the complaint on the several defendants on March 6, 9 and 17, 1950. On March 24, 1950, at about noon, defendants served upon the plaintiff a joint notice of the taking of plaintiff's deposition. Four or five hours later on the same day the plaintiff served the attorneys for the defendants with a notice to take the depositions of certain of the defendants.

Defendants urge that plaintiff's notice to take the depositions of the defendants is invalid since plaintiff served the notice without leave of Court, which, defendants argue, was required by Rule 26(a), Federal Rules of Civil Procedure, 28 U.S.C.A. That rule, as amended, provides: "After commencement of the action the deposition may be taken without leave of court, except that leave, granted with or without notice, must be obtained if notice of the taking is served by the plaintiff within 20 days after commencement of the action."

Rule 3, F.R.C.P. provides: "A civil action is commenced by filing a complaint with the court."

Accordingly, plaintiff's notice was valid, if "commencement of the action" as used in Rule 26 is to be construed in accord with Rule 3. Defendants argue that the language should not be so construed, but this argument must be rejected.

■ The purpose of the 20-day delay required before a plaintiff may notice the taking of defendant's deposition is undoubtedly to give the defendant time to examine the complaint and secure an attorney. See Note of Advisory Committee on Amendments to Rules, following amended Rule 26. It does not follow that the running of the 20-day period should not start until the complaint is served on the defendant; if the latter were the rule, administrative difficulties would ensue, especially in multi-defendant cases where, as here, the complaint was served on different defendants on different days. By selecting the date of the filing of the complaint, the drafters of the rule fixed a readily discernable and easily administered point in time. Moreover, I understand that this problem was anticipated and discussed by the Advisory Committee and for the reasons stated above, among others, the language "commencement of the action" was selected, and was intended to be construed in accord with Rule 3.

It follows that plaintiff's notice was proper.

The next question is whether the plaintiff or the defendants should first proceed with their depositions.

■ The joint notice of defendants was served first and this gives priority in the absence of special circumstances requiring a different order of the taking of depositions. Auburn Capitol Theatre Corp. v. Schine Chain Theatres, D.C.S.D.N.Y.1949, 83 F.Supp. 872; Isbrandtsen v. Moller, D.C.S.D.N.Y.1947, 7 F.R.D. 188; Shamokin Woolen Mills v. Cortille Fabrics, D.C.S.D.N.Y.1941, 2 F.R.D. 25; Baker v. Midtown Bus Terminal of New York, Inc., D.C.S.D.N.Y.1942, 3 F.R.D. 70; Ginsberg v.

Railway Express Agency, D.C.S.D.N.Y. 1945, 6 F.R.D. 371; Mutual Finance Corporation v. Sobol, D.C.S.D.N.Y.1946, 7 F.R.D. 111; Bough v. Lee, D.C.S.D.N.Y. 1939, 28 F.Supp. 673; Grauer v. Schenley Products Co., D.C.S.D.N.Y.1938, 26 F. Supp. 768. On the papers before me I can find no particular reason why the taking of one set of depositions should precede the other, unless I am arbitrarily to rule that in all triple damage suits under the antitrust laws the plaintiff is entitled to take his depositions first. And if this is to be so in actions of this type, it will be argued that some similar ruling one way or the other should be made in contract actions, negligence actions and so on. The mere type of action should not be so controlling; and I find no special circumstances here to justify changing the normal course of events under the notices as served.

The defendants' motion for an order pursuant to Rules 30(a) and (b) granting the defendants precedence in taking the deposition of plaintiff before the taking of any of defendants' depositions by the plaintiff is granted.

Settle order on notice.