**ZWEIFLER v. SLECO LACES, Inc.**

United States District Court
S. D. New York.

Dec. 13, 1950.

Otterbourg, Steindler, Houston & Rosen, New York City, for plaintiff.

Benedict Ginsberg, New York City, for defendant.

NOONAN, District Judge.

Plaintiff has moved for an order vacating defendant's notice of taking deposition .of plaintiff on the grounds that:

(a) The notice fails to state before whom the deposition will be taken;

(b) The notice was made "untimely";

(c) In the alternative, if the taking of plaintiff's deposition is allowed, that it be taken in Lancaster, Pennsylvania, where he resides and has his place of business.

Plaintiff brought this action in the New York Supreme Court, and defendant removed it to this court on November 10, 1950. Defendant filed its answer, in which it interposed two counterclaims, on November 15, 1950. At the same time as the answer was served defendant also served plaintiff with a notice of taking the deposition of plaintiff.

The notice does not set forth the name of the person before whom the examination is to be taken. However, a reading of Rule 30(a), Fed. Rules Civ.Proc., 28 U. S.C.A. does not indicate that such is required, although where practicable, it is advisable to do so. Norton v. Cooper Jarrett, Inc., D.C., 1 F.R.D. 92.

Plaintiff is not prejudiced thereby because, under Rule 32(b), F.R.C.P., the disqualification of the officer is not waived if the objection is made as soon as the disqualification becomes known or could be discovered with reasonable diligence. Moore's Federal Practice, 2d Ed., Vol. 4, p. 2017.

Plaintiff, in urging that the notice was served "untimely", argues that the notice having been served together with the answer in which two counterclaims are

pleaded, issue has not been joined as to such counterclaims, and, therefore, an examination by defendant in respect thereto is premature. Plaintiff further contends that in view of these facts, plaintiff should be permitted to conduct and conclude his deposition of defendant before defendant takes the deposition of plaintiff.

It appears to be the prevailing rule that the party first serving notice is entitled to the first examination. Mutual Finance Corp. v. Sobol, D.C., 7 F.R.D. 111; Isbrandsten v. Moller, D.C., 7 F.R.D. 188; Edwin H. Morris & Co. v. Warner Bros. Pictures, D.C., 10 F.R.D. 236. This rule, however, is not inflexible, and may be varied in particular cases. Hillside Amusement Co. v. Warner Bros. Pictures, Inc., D.C., 2 F.R.D. 275.

Plaintiff's contention that defendant could not serve his notice until the pleading responsive to the counterclaim was served, is not persuasive. I would say that prior to the 1946 amendment of Rule 26(a), F.R.C.P., it would have been, Cf. Mutual Finance Corp. v. Sobol, supra, 7 F.R.D. page 114, but not as Rule 26(a) now reads. For under Rule 26(a) a defendant may take depositions without leave of court as soon as the action is commenced. Moore's Op.Cit. p. 1040.

Further, as it appears that the reply has been served and filed on December 8, 1950, I feel that plaintiff has not furnished any special or substantial reason for depriving defendant of his priority of examination.

The alternative relief sought by plaintiff should also be denied. Generally, a non-resident should make himself available for examination in the forum in which he has brought his action. Producers Releasing Corporation De Cuba v. P. R. C. Pictures, Inc., D.C., 8 F.R.D. 254, and while by reason of hardship or the presence of special circumstances the court may rule otherwise, Sullivan v. Southern Pac. Co., D.C., 7 F.R.D. 206, there has been no showing here of any hardship attendant to plaintiff by his appearing for examination here.

The motion is, in all respects, denied.