**CALDWELL–CLEMENTS, Inc. v. Mc-GRAW–HILL PUB. CO., Inc., et al.**

United States District Court
S. D. New York.
March 27, 1951.

Gold & Nickerson, New York City (William Gold, New York City, of counsel), for plaintiff.

White & Case, New York City (Philip H. Weeks and Donald Cronson, New York City, of counsel), for McGraw-Hill Pub. Co., Inc.

Schenker & Schenker, New York City, for James H. McGraw, Jr.

WEINFELD, District Judge.

In this action to recover triple damages under the anti-trust laws a series of motions have been made by the plaintiff and two defendants whereby each seeks to vacate or modify the notice of deposition served by the other.

The complaint was filed on December 2nd, 1950. Service was effected on the defendant McGraw-Hill Publishing Company, Inc. (hereinafter referred to as McGraw-Hill) on December 6th, 1950 and upon the defendant James H. McGraw, Jr. (hereinafter referred to as James McGraw) on December 8th, 1950. Then ensued various moves, the chronology being as follows:

On December 21st, 1950 the defendant McGraw-Hill, prior to answering the complaint, served a notice to take the deposition of the plaintiff on January 9th, 1951. The notice was not served upon the individual defendant James McGraw, he not having appeared until December 26th, 1950, at which time he did admit due and timely service of the McGraw-Hill notice of deposition and waived any claim with respect to non-service.

On December 23rd, 1950, the earliest date permitted under Rule 26 of the Federal Rules of Civil Procedure, 28 U.S.C.A. without an order, plaintiff served a notice to take the deposition of the individual defendant James McGraw, returnable January 5th, 1951.

On December 24th, 1950 plaintiff served another notice to examine James McGraw and at the conclusion thereof to take the deposition of McGraw-Hill by James McGraw, returnable January 5th, 1951.

On December 27th, 1950 plaintiff moved to vacate McGraw-Hill's notice for its examination on four separate grounds or in the alternative, for an order granting precedence to plaintiff in the taking of depositions.

On December 29th, 1950, McGraw-Hill moved for an order (1) staying the examination of it and James McGraw pursuant to plaintiff's notices until the completion of the plaintiff's examination under the notice served by McGraw-Hill on December 21st, 1950, which notice was then the subject of a motion to vacate by plaintiff; (2) vacating plaintiff's notice for the deposition of McGraw-Hill by James McGraw on the ground that he is no longer an officer, director or managing agent of the said defendant; and (3) limiting the examination before trial of McGraw-Hill. The latter portion of the motion was withdrawn upon the argument without prejudice to a renewal.

On December 29th, 1950 James McGraw moved by an order to show cause to vacate plaintiff's notice for his deposition and McGraw-Hill by him as a director and former officer upon various grounds, asserting lack of timely notice and other stated infirmities in violation of the Federal Rules of Civil Procedure or in the alternative to limit or modify the same.

The motions in some respects are based upon narrow technical objections which the parties frankly acknowledge. All concede that the real issue is the right of priority in the taking of the depositions. The general rule in the absence of unusual circumstances is that the examinations should proceed in the order in which they are demanded. Edwin H. Morris & Co., Inc. v. Warner Bros. Pictures, Inc., D.C., 10 F.R.D. 236 and cases cited therein. However, this is not an inflexible rule and it may be varied in particular cases. Kenealy v. Texas Co., D.C.S.D.N.Y., 29 F.Supp. 502.

Plaintiffs, without leave of Court, cannot serve a notice for the taking of depositions until after twenty days following the commencement of the action, whereas the defendants are free during that period to serve their notices. Under the general rule as noted above, this gives defendants an advantage which is readily acknowledged. Moore's Fed.Prac. Vol. 4, Par. 26.13, Thus the following pattern has emerged. Plaintiffs, to overcome this disadvantageous position, fast upon the heels of service of

summons and prior to answer or appearance by the defendants, apply for ex parte orders authorizing the taking of the defendants' depositions. However, such applications are not granted as a matter of course. Recently while at the Motion Part several such proposed orders were presented which this Court declined to grant in the absence of unusual circumstances. The defendants, seeking to preserve the advantage, serve notices with their answers or prior thereto.

It was this battle to secure priority that led to the series of motions and cross-motions herein. McGraw-Hill served its notice prior to answer and within twenty days after commencement of suit to safeguard what it terms its right to priority of examination. Plaintiff then followed at the earliest permissible date and served its notice for the taking of the depositions of both the defendants. However, recognizing that under the general rule it was second in point of time, it moved to vacate McGraw-Hill's notice, which motion, if granted, would advance it to first place. Then the individual defendant James McGraw, having been the last to serve notice, followed suit and moved to vacate plaintiff's notice, which motion, if granted, would give him priority of examination. One of the moving attorneys herein complains he has never been subjected to such a hasty bombardment of papers as in the case at bar. Thus we see that the rule of "first come—first served" has converted what was intended as an orderly process for the preparation for trial into a game of strategy and a jockeying for position. The problem of adequate preparation for trial seems to have been relegated to a subordinate position.

The slight advantage which defendants enjoy because their notices may be served at any time after the commencement of the action should not be turned to the plaintiffs' complete disadvantage. It would verily turn the procedural process into the sporting theory of justice and a battle of wits between opposing counsel referred to in Hoffman v. Palmer, 2 Cir., 129 F.2d 976, 996.

It is evident from the nature of the litigation that extensive preparation for trial will be required by all parties. The plaintiff charges that since 1874 defendants embarked upon various activities violative of the anti-trust laws and alleges that defendants acquired substantial stock control of the plaintiff through various practices and that the defendants used such control to eliminate and destroy the competition of an electrical trade magazine which plaintiff theretofore had published in competition with one or more of defendants' magazines.

Counsel when consulted by the Court indicated that the deposition-discovery procedure may extend well over a period of one year. Must the race necessarily be to the swift in a matter so involved and requiring extensive activity on the part of the respective parties? "It would seem rather anomalous that so important a matter should depend on the chance who first" serves notice, especially when the other party's hands are tied. Preferred Accident Insurance Co. v. Grasso, 2 Cir., 186 F.2d 987. This Court does not believe that any of these litigants should be rendered sterile with the necessary preparation of its case while the other party is conducting its examination, simply because one got the jump on the other in serving notice, especially so, where the other under the Rules was in no position to make a similar move. The Court is of the opinion that the interests of justice will be served in the present situation if the examinations proceed apace under the following provision for alternate examination periods:

The defendant McGraw-Hill will first examine plaintiff for a period of two weeks, following which the next examination shall be conducted by plaintiff of the individual defendant James McGraw for a period of two weeks, following which it shall examine the defendant McGraw-Hill also for a period of two weeks, making a total of four consecutive weeks for examinations by plaintiff of the defendants. Thereafter, James McGraw shall examine plaintiff for a period of two weeks. Thus each party will have had an examination of the other for the same length of time. The cycle shall then begin again in the same order and be repeated thereafter until the completion of all the examinations. Appropriate intervals may be provided for in the order to be entered hereon.

The following disposition is made of the remainder of the motions:

### Plaintiff's Motions.

Plaintiff's motion to vacate defendant McGraw-Hill's notice to examine the plaintiff is denied. The objection that notice was not given to James McGraw is without merit in the light of the fact that the latter defendant had not appeared at the time the notice was served and in addition when he did appear, waived the alleged defect and gave due and timely admission of service. The objection to plaintiff's examination by undesignated "employees" is valid. The corporate plaintiff may be examined only through a managing agent, officer or director and the order to be entered hereon should set forth the name of the person or persons acting in that capacity who are to be examined. The place of examination is fixed as the United States Court House unless the parties otherwise agree. That portion of the motion which seeks to vacate with respect to the production of documents is granted. Documents are not specified and the request for production is without limit. Defendant should proceed in accordance with Rule 45 of the Federal Rules of Civil Procedure, 28 U.S.C.A., or other applicable provision.

Plaintiff's motion for relief as requested in the order to show cause dated January 3rd, 1951 is denied except as otherwise indicated herein.

### McGraw-Hill's Motion.

Defendant McGraw-Hill's motion to stay its examination and that of defendant James McGraw until the completion of plaintiff's examination is denied except as otherwise indicated herein. It appearing that James McGraw was not at the time of service of the notice an officer, director or managing agent of the corporate defendant, this portion of the motion is granted and the examination shall be conducted through officers, directors or managing agents and the defendant McGraw-Hill is required within five days from the date hereof to serve upon the attorneys for the plaintiff a list containing the names of its officers, directors and managing agents.

### James McGraw's Motion.

The motion to vacate or modify the notice for his examination is denied except as otherwise indicated herein.

Settle order on notice.