**KURT M. JACHMANN CO., Inc.,**
Plaintiff,

v.

**HARTLEY, COOPER & CO., Ltd., Harold B. Hill, George de H. Vaizey and Bevington, Vaizey & Foster, Ltd., Defendants.**

United States District Court
S. D. New York.
April 13, 1955.

---

See also D.C. 17 F.R.D. 316.

Joseph S. Meadow, M. K. & R. Josephson, New York City, for plaintiff.

Webster, Sheffield & Chrystie, Mendes & Mount, New York City, for defendants.

BICKS, District Judge.

In this suit for treble damages and an injunction under the anti-trust laws [1] defendants move for discovery and inspection pursuant to Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C. A. The application is resisted on the grounds, inter alia, (i) plaintiff, having initiated the discovery process first is entitled to priority and defendants should await completion thereof before commencing their own, (ii) (a) the inspection is sought "for the sole purpose of embarrassing and harassing plaintiff", and (b) "in anti trust cases of this kind the powerful monopoly should not be given an early opportunity to discover plaintiff's case"; (iii) defendants, having a complete record of loss experience, show no "good cause" to obtain it from plaintiff's files, (iv) the documents sought to be inspected are not designated with the particularity required by the rule, and (v) the persons seeking the discovery are not parties to the action.

As is not uncommon in private anti-trust suits plaintiff's pleading is prolix, wherefore only so much of the complaint as is necessary for disposing of the application before the Court will be discussed.

The amended complaint alleges that for over eight years preceding May 1949 plaintiff and its predecessor were continuously engaged in the field of ocean marine insurance; plaintiff and its predecessor during the said eight year period placed a substantial amount of ocean marine insurance, to wit, over $5,000,000 in premiums paid during the period 1941 through 1946 and over $4,000,000 during the succeeding two and one-half year period; plaintiff employed as many as thirty employees at one time and until May 1949 was among the largest and fastest growing ocean marine insurance brokers; plaintiff's predecessor and plaintiff prepared and published bulletins supplying correct information as to current developments in the marine insurance field, the circulation of which grew from forty to eleven thousand, over the number of fifty-seven issues; between the 20th and 30th days of May 1949 certain members of "Lloyds", among whom were the defendants, at one or more meetings, conspired, combined, and agreed, with deliberate and malicious design and purpose, to force plaintiff out of the business of ocean marine insurance broker. Included also are allegations which in effect constitute a biographical sketch of plaintiff's predecessor going back to 1926 and an intimation of the vital role played by him in the "reorganization of the insurance business in certain countries of Europe by their governments". By reason of said activities, it is alleged, plaintiff's predecessor's business relations with "Lloyds" brokers and underwriters developed gradually until he became one of their "trusted correspondents".

Treating the grounds of opposition seriatim:

■ (1) The rule that depositions will be taken in the order in which they are demanded yields when the reason for the rule disappears. Priority obtained solely by reason of fleetfootedness to be retained must be supported by reasonable alacrity in conducting the proceedings [2]. This action was instituted in the middle of 1952 and discovery proceed-

1. 15 U.S.C.A. §§ 1, 2 et seq. and §§ 15–26.

2. Cf. Kurt M. Jachmann Co. Inc., v. Marine Office of America, D.C.S.D.N.Y.1954,

ings were initiated shortly thereafter. To date the plaintiff has noticed the taking of depositions of five individuals, at least four of which have been adjourned sine die. Whatever the reason, the progress of plaintiff has not been marked with dispatch. To tell the defendants, upwards of two and one-half years after the suit has been instituted, that they must further defer their recourse to appropriate pretrial discovery procedures, might well be tantamount to depriving them of the opportunity to adequately prepare for trial—a consequence so intolerable as to warrant a departure from the ordinary rule of priority[3]. (ii) (a) Unless plaintiff intends merely to make the observation that production of documents at times proves embarrassing, no support can be found in the papers upon this application for the charge that the inspection is sought for the sole purpose of embarrassing and harassing plaintiff. (b) Implicit in the argument that "in anti trust cases of this kind the powerful monopoly should not be given an early opportunity to discover plaintiff's case", is the contention that in such cases a supposedly poor or weak plaintiff should be advantaged in its quest to prevail in the litigation. It should be hardly necessary to observe that the right to seasonably invoke the discovery and inspection procedures under the Federal Rules of Civil Procedure is equally available to all litigants without regard to their relative economic status. (iii) Plaintiff has failed to point out and the Court has not recognized any document which is referrable to this numbered objection. Absent such specificity the Court cannot pass upon whether "good cause" has not been shown to compel its production. (iv) The objection under this number is validly leveled against items 1(a), (b),

(d), (h) and (i), and the same are therefore denied. (v) The objection under this number is so obviously frivolous as not to warrant discussion.

■ Item 3 is denied; it would appear that the documents designated in item 4 should contain substantially all the information that could be gleaned from those referred to in item 3. There has been no showing that the documents mentioned in item 7 contain information or can furnish leads to information as to the matters in issue in this case which cannot be obtained from the other documents to be produced; said item is therefore denied.

■ Plaintiff has made a cross motion for a protective order pursuant to Rule 30(b) of the Federal Rules of Civil Procedure. It is urged that the inspection be limited to documents relating only to the period November 1, 1946, the date of plaintiff's incorporation, and June 6, 1952, the date when the suit was commenced, and further that plaintiff not be required to produce "any matters of public record". The difficulty with plaintiff's position is that in its complaint it has tendered issues that go back beyond November 1, 1946. The complaint is replete with references to plaintiff's predecessor and reflects an obvious purpose to tack on the period of operations of its predecessor. A party will not be heard to contend that for the purposes of its pleading and its proof the stature, relationships, and operations of its predecessor are relevant, but that for the purpose of its adversary's discovery proceedings a blackout with respect to the predecessor should be imposed.

■ Production of documents will not be denied merely because they are matters of public record.[4]

---

16 F.R.D. 381; Caldwell-Clements, Inc., v. McGraw-Hill Pub. Co., Inc., D.C.S.D. N.Y.1951, 11 F.R.D. 156; Edwin H. Morris & Co., Inc., v. Warner Bros. Pictures, Inc., D.C.S.D.N.Y.1950, 10 F.R.D. 236; Zweifler v. Sleco Laces, D.C.S.D. N.Y.1950, 11 F.R.D. 202.

**3.** See comment in 59 Yale Law Journal, pp. 117, 134, et seq. Adoption of the suggestion therein with respect to staggering the taking of depositions is not indicated in connection with the present application for discovery and inspection.

**4.** 4 Moore's Federal Practice § 34.12.

Except as indicated, defendants' motion is granted. Plaintiff's cross motion under Rule 30(b) is denied.

Settle orders on notice.