COMERCIO E INDUSTRIA CONTINEN-
TAL, S.A., Plaintiff,

v.

DRESSER INDUSTRIES, Inc., Hydro-
carbon Research, Inc., and Panamerican
Hydrocarbon Research, Inc., Defend-
ants.

United States District Court
S. D. New York.

July 3, 1956.

David Fisher, New York City, for plaintiff.

Milbank, Tweed, Hope & Hadley, New York City, for defendant Dresser Industries, Inc.

Gabrielson, Wolfe & Gabrielson, New York City, David Haar, New York City, of counsel, for defendants Hydrocarbon Research, Inc., and Panamerican Hydrocarbon Research, Inc.

LEVET, District Judge.

There are two motions before this Court relating to the question of priority in taking depositions. This is an action which was commenced in the Supreme Court of the State of New York, County of New York, against defendant Dresser Industries, Inc. (hereinafter referred to as "Dresser") for an alleged breach of a written agreement to pay commissions. Defendant Dresser proceeded in said action to examine the plaintiff through its president. Subsequently, plaintiff amended the complaint, adding Hydrocarbon Research, Inc. (hereinafter referred to as "Hydrocarbon") and Panamerican Hydrocarbon Research, Inc. (hereinafter referred to as "Panamerican") as defendants and alleging that the three defendants conspired to deprive plaintiff of its commissions. The New York Supreme Court permitted the amendment on the condition that Dresser was to continue with its examination of the plaintiff and that

said defendant was to have "priority of examination upon the basis of the new pleadings." The action was thereafter removed to this Court.

After service of the amended complaint and removal of the action to this Court, Dresser served its answer and notice to continue the examination of plaintiff through its president. Plaintiff moved to vacate the notice or to stay the examination until its president returned to this forum from Brazil. Judge Herlands denied plaintiff's motion and in an order entered May 29, 1956, directed that the examination be continued "as soon as conveniently possible but in no event later than July 23, 1956."

On May 29, 1956, plaintiff served its notices to examine defendants Hydrocarbon and Panamerican by Percival C. Keith, as president of both corporations, and by John B. O'Connor, as director and agent of said corporations. Thereafter, on June 1, 1956, defendant Dresser served its notice and subpoena duces tecum to examine plaintiff's former attorney as a witness. Plaintiff has moved pursuant to Rule 30(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. to vacate defendant Dresser's notice of examination, and under Rule 45(b) to quash the subpoena duces tecum which was served on plaintiff's former attorney. The three defendants have also moved pursuant to Rule 30(b) to vacate plaintiff's notices to examine the defendants Hydrocarbon and Panamerican, or, in the alternative, to stay said examinations until defendant Dresser has completed its pre-trial examinations herein. In addition, the defendants object to the examination of Hydrocarbon and Panamerican through John B. O'Connor.

█ █ It is undisputed that defendant Dresser was the first party in this action to serve its notice to take a deposition pursuant to Rules 26 and 30(a). Therefore, said defendant is entitled to priority of examination in accordance with the prevailing rule that, in the absence of some special and good reason, examinations should proceed in the order in which they are demanded. Sanib Corp. v. United Fruit Co., D.C.S.D.N.Y. 1955, 19 F.R.D. 9; Isbrandtsen v. Moller, D.C.S.D.N.Y.1947, 7 F.R.D. 188; Ginsberg v. Railroad Express Agency, Inc., D.C.S.D.N.Y.1945, 6 F.R.D. 371; Alderman Tailors, Inc., v. Alderman Tailors, Inc., D.C.S.D.N.Y.1942, 48 F.Supp. 750; Bough v. Lee, D.C.S.D.N.Y.1939, 28 F. Supp. 673; Grauer v. Schenley Products Co., Inc., D.C.S.D.N.Y.1938, 26 F.Supp. 768. Dresser's right to priority of examination was also expressed in the order of this Court entered April 16, 1956, which permitted plaintiff to amend its complaint.

█ However, plaintiff had served its notices to examine Hydrocarbon and Panamerican before the defendant Dresser served its notice to examine plaintiff's former attorney. Therefore, plaintiff may commence its examination of the defendants Hydrocarbon and Panamerican immediately after Dresser has completed its examination of the plaintiff by its president. In the interests of fairness and expedition, the plaintiff should not be denied the right to prepare its case and conduct examinations merely because Dresser has served additional notices of examination. See Caldwell-Clements, Inc., v. McGraw-Hill Pub. Co., Inc., D.C.S.D.N.Y.1951, 11 F.R.D. 156. Dresser's priority of examination vis-a-vis the plaintiff does not apply with respect to other parties and witnesses.

█ Plaintiff seeks to examine defendants Hydrocarbon and Panamerican by their president and by John B. O'Connor as director, agent and stockholder of said corporations. The three defendants object to an examination of said corporations by John B. O'Connor. Defendants' objection is well taken. A corporate party cannot be examined through its directors, stockholders or non-managing agents. Rule 37(d), which speci-

fies the sanctions which may be imposed upon a party who fails to appear for an examination, expressly refers to "a party or an officer or managing agent of a party" and does not include directors, stockholders or non-managing agents. Campbell v. General Motors Corp., D.C. S.D.N.Y.1952, 13 F.R.D. 331; Park & Tilford Distillers Corporation v. Distillers Company Limited, D.C.S.D.N.Y., 19 F.R.D. 169; Williams v. Lehigh Valley Railroad Company, D.C.S.D.N.Y., 19 F.R.D. 285. Therefore, plaintiff's notices are vacated to the extent that they seek to examine the defendants Hydrocarbon and Panamerican by John B. O'Connor.

■ Defendant Dresser may examine plaintiff's former attorney as a witness after plaintiff has terminated its examinations of Hydrocarbon and Panamerican. Although plaintiff argues that its former attorney should not be examined because of the attorney and client relationship, this argument is not persuasive. The defendants allege that the attorney acted as plaintiff's business agent and that they wish to examine him in that capacity. It is clear that where an attorney acts as a general business agent for a party rather than in his professional capacity, the privilege of professional secrecy will not apply to his business transactions while acting in said capacity. Avery v. Lee, 117 App.Div. 244, 102 N.Y.S. 12; United States v. Vehicular Parking Limited, D.C.Del.1943, 52 F. Supp. 751.

Plaintiff's motion to vacate defendant Dresser's notice of examination and to quash the subpoena duces tecum served in accordance therewith is denied. However, said examination is not to commence until plaintiff has completed its examinations of defendants Hydrocarbon and Panamerican.

Defendants' motion to vacate plaintiff's notices to examine the defendants Hydrocarbon and Panamerican is granted to the extent that said corporations shall not be examined by John B. O'Connor as director, agent or stockholder. Said motion is otherwise denied.

Settle order on notice.