Samuel BRAUSE, Milton Brause, Morris Palace and Florence Palace, Plaintiffs,

v.

The TRAVELERS FIRE INSURANCE COMPANY, Defendant.

United States District Court
S. D. New York.
July 31, 1956.

Giddings, Keating & Reid, New York City, Milton Brause, New York City, of counsel, for plaintiffs.

Powers, Kaplan & Berger, New York City, Samuel A. Berger, Robert Fishbein, New York City, of counsel, for defendant.

LEVET, District Judge.

There are six motions before this Court in the instant case relating both to procedural and substantive matters. All six motions will be consolidated for the purpose of determination herein.

This is an action to recover on a fire insurance policy issued by the defendant. The plaintiffs are the owners of a two and one-half story frame building located in Riverhead, Long Island, which had been destroyed by a fire on January 10, 1956. At the time of the fire, there were

outstanding two policies of fire insurance which defendant had issued with respect to said building. One policy covered the building for $20,000. The other policy covered the building for $5,000 and the rental value thereof for $8,400. Plaintiffs filed proofs of loss with the defendant, which were rejected by the defendant as not being in conformity with the provisions of the policy relating to the filing of such proof. Plaintiffs filed proofs of loss a second time, which were also rejected by defendant. The third proofs of loss which plaintiffs filed with defendant were accepted as being in compliance with the New York State Insurance Law which refers to the sixty days within which such documents are to be filed "and for no other purpose." Plaintiffs allege they complained to the New York State Superintendent of Insurance and that thereafter defendant paid the $20,000 building loss on the first policy. However, the $5,000 building loss contained in the second policy was not paid because the policy also included an $8,400 coverage for rental value, the amount of which is presently in dispute.

Plaintiffs commenced this action in the Supreme Court, New York County, to recover the $5,000 building loss under the second policy and the $8,400 rental value coverage which is also contained in said policy. Defendant's answer contains, inter alia, an affirmative defense which alleges that plaintiffs failed to appoint an appraiser to ascertain the disputed amount of loss, and that according to the provisions of the policy, such appointment was a condition precedent to the commencement of an action on said policy. Defendant thereafter obtained a removal of the suit to this Court.

Simultaneously with the removal, and before answering, defendant served a notice to take depositions of plaintiffs upon oral examination. Thereafter, plaintiffs served their notice to take the deposition of defendant by J. Doyle DeWitt, its president. Plaintiffs have moved to vacate defendant's notice of examination. Defendant has moved for an order, pursuant to Rule 30(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., modifying plaintiffs' notice of examination so as to substitute its assistant claim manager for its president and that this deposition should be taken after the conclusion of defendant's examination of plaintiffs, rather than prior thereto as provided in said notice.

▇▇▇ Plaintiffs' motion to vacate defendant's notice of examination is based primarily upon the ground that defendant had not served its answer and, therefore, it is impossible to ascertain the relevancy of certain documents to the subject matter involved in the action. However, defendant has since served its answer and issue has been joined. Plaintiffs also object to defendant's notice for the reason that it relates to documents which were previously furnished by plaintiff to defendant. Nevertheless, defendant's counsel is entitled to examine plaintiffs concerning matters which are relevant to the preparation of defendant's case even though defendant has already seen the documents in question. It should also be noted that plans, specifications, contracts and leases concerning the building which plaintiffs subsequently erected are relevant to the issues of plaintiffs' lost rental value and their mitigation of damages. Therefore, plaintiffs' motion to vacate defendant's notice of examination is denied.

▇▇▇ Defendant has asserted in support of its motion to modify plaintiffs' notice to examine defendant by its president, that Henry D. Bollten, its assistant claim manager, has had active charge of this matter and has knowledge of the material facts involved. Plaintiffs do not contest defendant's application to substitute Henry D. Bollten for J. Doyle DeWitt, as the person to be examined in defendant's behalf, and, therefore, said application is granted. However, plaintiffs do challenge defendant's priority with respect to the taking of depositions on the ground that defendant has acted in bad faith in refusing to pay the build-

ing loss of $25,000 as provided in the policies. Upon the papers submitted on this motion, there appears to be a legitimate dispute as to whether or not plaintiffs have complied with the provisions of the policies relating to the filing of information concerning claims under said policies. Defendant's refusal to make payment without such information, as is required by the terms of the policies, does not per se constitute bad faith. The general rule is that in the absence of some special and good reason examinations should proceed in the order in which they are demanded. Park & Tilford Distillers Corporation v. Distillers Co., D.C.S.D.N.Y.1956, 19 F.R.D. 169; Sanib Corp. v. United Fruit Co., D.C. S.D.N.Y.1955, 19 F.R.D. 9; Isbrandtsen v. Moller, D.C.S.D.N.Y.1947, 7 F.R.D. 188; Ginsberg v. Railway Express Agency, Inc., D.C.S.D.N.Y.1945, 6 F.R.D. 371; Alderman Tailors, Inc. v. Alderman Tailors, Inc., D.C.S.D.N.Y.1942, 48 F. Supp. 750; Bough v. Lee, D.C.S.D.N.Y. 1939, 28 F.Supp. 673; Grauer v. Schenley Products Co. Inc., D.C.S.D.N.Y.1938, 26 F.Supp. 768. The fact that defendant served its notice to examine plaintiffs before it served its answer does not affect its priority with respect to examinations, since Rule 26 permits a defendant to serve its notice any time after the commencement of the action, whereas a plaintiff must obtain leave of Court before serving a notice within twenty days after commencement of the action. A plaintiff is not given leave to serve a notice of deposition within twenty days after the commencement of an action unless he can show that he will be prejudiced by having to wait the required period. See Park & Tilford Distillers Corporation v. Distillers Company Limited, supra. Accordingly, defendant is entitled to examine plaintiffs before they take the defendant's deposition.

Defendant has also moved pursuant to Rule 30(b) for an order deferring plaintiffs' examination of "John" (Arne) Knutsen, an employee of the insurance adjustment firm of Edward R. Reilly & Co., until after the conclusion of defendant's examination of plaintiffs. This motion is granted for the same reason as expressed above with respect to defendant's right of priority in the taking of depositions.

■■ Plaintiffs have moved to strike out paragraph Second of defendant's amended answer and so much of paragraph Eighth as refers to paragraph 22 of the complaint on the ground that defendant has not complied with Rule 9 (c). Paragraph 22 of the complaint contains a general allegation that plaintiffs have duly performed all the conditions of the insurance policy in dispute. Paragraphs Second and Eighth of the amended answer deny the allegations in the complaint relating to performance and specifically deny that plaintiffs duly performed all the conditions of defendant's policy of insurance and refer to certain other paragraphs of the amended answer which constitute an affirmative defense and which recite that plaintiffs failed to appoint an appraiser as required by the policy. Defendant's incorporation by reference of specific parts of the same pleading which particularize wherein plaintiffs have not performed all conditions as alleged, sufficiently complies with Rule 9(c) and is specifically authorized by Rule 10(c). Repetition and redundancy in pleading should not be encouraged. Plaintiffs' motion to strike the aforementioned portions of the amended answer is denied.

■ Defendant seeks leave to deposit into the Registry of the Court $5,000 plus interest and costs in satisfaction of the claim made by plaintiffs in their first cause of action relating to the building loss. Plaintiffs have cross-moved for partial summary judgment on their first cause of action in the amount of $5,000, together with interest, costs, disbursements and reasonable counsel fee. There appears to be a triable issue of fact as to whether or not plaintiffs performed all the conditions contained in the insurance policy, including filing proper

proofs of loss and appointing an appraiser. There is also a question of fact as to whether the provision relating to the designation of an appraiser was waived by defendant. Therefore, partial summary judgment cannot be granted in favor of plaintiffs.

Defendant had tendered the sum of $5,000 to plaintiffs in satisfaction of the first cause of action alleged in the complaint, which would thus have left for determination only the issue with respect to rental value. Plaintiffs have refused to accept defendant's offer and have instead moved for summary judgment on said first cause of action. For the reasons indicated above, the motion for summary judgment cannot be granted. However, defendant has moved, pursuant to Rule 67 of the Federal Rules of Civil Procedure for leave to deposit the sum of $5,000 plus interest and costs into the Registry of the Court for withdrawal by plaintiffs. There does not appear to be any reason why this motion should not be granted. Therefore, defendant is granted leave to deposit into the Registry of the Court the sum of $5,000 with interest from February 20, 1956.

Accordingly, plaintiffs' motion to vacate defendant's notice of examination is denied. Defendant's motion to modify plaintiffs' notice to examine defendant so as to provide that its deposition be taken through its assistant claim manager and that said deposition be taken after defendant's examination of plaintiff is granted.

Defendant's motion to defer plaintiffs' examination of "John" (Arne) Knutsen until after the conclusion of defendant's examination of plaintiffs is granted.

Plaintiffs' motions to strike out certain portions of the complaint and for partial summary judgment are denied.

Defendant's motion for leave to deposit into the Registry of the Court $5,000 plus interest and costs is granted to the extent that defendant may deposit the sum of $5,000 plus 6% interest from February 20, 1956.

Settle order on notice in accordance with the foregoing rulings.