**Helen BUREN, Plaintiff,**
v.
**Samuel B. SCHEIN, Defendant.**
**Civ. A. No. 20277.**

United States District Court
E. D. New York.

Jan. 28, 1960.

Lee Feltman, New York City, for plaintiff.

Corcoran, Kostelanetz, Gladstone & Lowell, New York City, for defendant,

Stanley H. Lowell and Thomas F. Ryan, New York City, of counsel.

BYERS, District Judge.

This is a plaintiff's motion to vacate defendant's notice to take the deposition of the plaintiff, Helen Buren, and one George J. Buren as a witness, the defendant's notice having been served prior to that of the plaintiff to take the deposition of the defendant.

■ The sole question is whether in a case in which plaintiff alleges fraud on the part of the defendant, plaintiff is entitled to priority in the taking of depositions although the plaintiff's notice is subsequent in point of time to that served by the defendant.

The general principle has come to be recognized that orderly procedure in such matters accords priority to the notice first served. Such has been the custom in the Southern District, see cases cited in Zweifler v. Sleco Laces, Inc., D.C., 11 F.R.D. 202. The same is true in this district, Fruit Growers Co-op v. California Pie & Baking Co., D.C., 48 F.Supp. 1021.

Departure from the accepted practice may be sanctioned in the presence of compelling circumstances, Park & Tilford Distillers Corp. v. The Distillers Company, D.C., 19 F.R.D. 169.

The mere fact that plaintiff's case sounds in fraud is not deemed to be such a circumstance, because the defendant may learn through discovery the factual basis for the plaintiff's claim. That is true in all discovery procedures.

■ This court is not required by any process of reasoning to follow the rules of priority adopted by the Supreme Court of the State of New York in New York County, since it is merely a matter of practice.

The allegations of the pleadings have been examined and the issues seem to be clearly drawn, namely, whether there were fraudulent misrepresentations as alleged made by the defendant, which the answer denies.

It is not apparent why such issues differ from any others in an ordinary civil case, and the priority principle heretofore recognized will not be departed from in this case.

Motion denied. Settle order.