Naomi S. SHANKMAN, as Administratrix of the goods, chattels and credits of Stanley P. Shankman, deceased, Plaintiff,

v.

NORTHWEST AIR LINES, Inc. and Trans World Airlines, Inc., Defendants.

United States District Court
S. D. New York.
Nov. 17, 1955.

Jacob I. Goodstein, New York City, for plaintiff.

Bigham, Englar, Jones & Houston, New York City, for defendant Northwest Air Lines, Inc.

Clarke & Reilly, New York City, for defendant Trans World Airlines, Inc.

SUGARMAN, District Judge.

In an action against Northwest Air Lines, Inc. and Trans World Airlines, Inc., to recover damages for the death of plaintiff's intestate in an airplane crash, plaintiff served a notice to take the deposition of Northwest Air Lines on oral examination.

Defendant Northwest Air Lines moves to vacate or modify the plaintiff's notice on the ground it is too general "(1) in its description of the persons whom the attorney for plaintiff seeks to examine and (2) in the description of the books, records and memoranda which plaintiff requires to be brought."

■■ The notice shows that the second objection is without merit. Plaintiff patently seeks to *examine* the individuals named and designated *inter alia* "as to the existence, description, nature, custody, condition and location of" the designated documents. Their *production* at the examination is not sought by the no-

tice under attack.[1] However, if the court construed the notice, as the parties do, to require the *production* of the documents therein enumerated, movant would be entitled to relief upon the ground that plaintiff is not entitled to the *production* of documents on mere service of a notice of deposition on oral examination.[2]

As to the first ground of objection, the movant is entitled to modification of the notice.

■ The notice, except as it calls for the examination of (1) the President, (2) the Secretary, (3) the Treasurer, (4) the Flight Superintendent (identified by movant as C. W. Griffin, Chief Pilot of the Western Region), (5) the Operations Manager (identified by movant as D. S. Cox, Manager of Flight Operation for the Western Region), and (6) Chief Pilot (identified by movant as Chief Pilot, Western Region, who has since passed away), i. e.—"such other officers and employees familiar with the matters involved in this action", is defective in that it fails to specifically identify the persons sought to be examined.[3]

■ Where, as in this case, the parties are regrettably unable or unwilling to arrive at a mutual agreement as to who should be examined, there seems to be a fairly uniform practice for one party to serve a blanket notice to examine all the officers of a corporate defendant which is countered by an application for relief under Rule 30(b). The burden is then cast upon the court to order as justice requires.[4]

Accordingly, let an order be settled modifying plaintiff's notice to provide that: the plaintiff shall examine movant by C. W. Griffin, the Flight Superintendent, D. S. Cox, Manager of Flight Operations for the Western Region and James S. Fauteux, the New York Re-

gional Sales Manager (the last named on movant's consent).

The examinations shall proceed in New York City at a time and place to be agreed upon by counsel.

If plaintiff is unable to glean therefrom the facts necessary to prepare her case and the names of other persons who have knowledge of relevant matters, she may then serve a new notice to examine the President, Secretary and Treasurer of movant in order to ascertain the persons in movant's far-flung operations who can supply the information sought by plaintiff to which she is entitled.

---

1. Cf. 4 Moore's Fed.Prac., 2d Ed., pars. 26.10, 26.20.

2. 4 Moore's. Fed.Prac., pars. 26.10, 26.20, 34.07.

3. Mattingly v. Boston Woven Hose & Rubber Co., Inc. v. Dravo Corp., D.C.S.D. N.Y., 12 F.R.D. 266.

4. Fed.Rules Civ.Proc. rule 30(b), 28 U.S. C.A.