BUDGET DRESS CORP., Plaintiff,

v.

JOINT BOARD OF DRESS AND WAIST-MAKERS' UNION OF GREATER NEW YORK and its Constituent Locals, and Charles S. Zimmerman, Nathaniel M. Minkoff and Leon Namenwirth, individually and as General Manager, Secretary-Treasurer and President, respectively, of the Joint Board of Dress and Waistmakers' Union of Greater New York; the International Ladies' Garment Workers' Union, AFL-CIO; and the Popular Priced Dress Manufacturers' Group, Inc., Defendants.

Civ. Nos. 149-141, 149-140.

United States District Court
S. D. New York.

Dec. 29, 1959.

See also 178 F.Supp. 699.

Fellner & Rovins, New York City (Morris J. Fellner and Leonard W. Wagman, New York City, of counsel), for plaintiff.

Schlesinger & Bloom, New York City (Emil Schlesinger and Max Bloom, New York City, of counsel), for defendants

Joint Board of Dress and Waistmakers' Union, Zimmerman, Minkoff and Namenwirth.

Morris P. Glushien, New York City, for defendant International Ladies' Garment Workers' Union.

Phillips, Nizer, Benjamin, Krim & Ballon, New York City (Charles Ballon, Eugene Kline and Raoul Gersten, New York City, of counsel), for defendant Popular Priced Dress Manufacturers' Group, Inc.

RYAN, Chief Judge.

Plaintiff moves 1) to vacate defendants' notices to take testimony; 2) to quash defendants' subpoenas duces tecum; 3) for an order granting plaintiff priority in the taking of depositions; and 4) "to appoint and designate a Federal Judge to supervise the taking of depositions and to establish a schedule therefor."

In addition, plaintiff moves to vacate and set aside defendants' notices to produce for use in connection with the taking of plaintiff's deposition books and records enumerated in the subpoena duces tecum. In turn, defendants move to vacate plaintiff's notice to take testimony; to set aside the notice to produce; and to stay the taking of any depositions by plaintiff until the completion of the taking of plaintiff's deposition by defendants.

In action No. 149–140, plaintiff seeks to recover treble damages for alleged violation of the Sherman Act 15 U.S.C.A. §§ 1–7, 15 note and in action No. 149–141 to recover payments allegedly made in violation of Section 302 of the Labor Management Relations Act of 1947 (29 U.S.C.A. § 186) and for an injunction to restrain future violations thereof. The rulings in this decision apply to both actions.

On October 7th and 14th, conferences were held at which counsel for all parties were present. At these conferences the problems of schedule, site and payment for the taking of all depositions were re-

solved. At the same time, plaintiff withdrew its objection to the subpoena duces tecum in the § 302 action and excepted to five demands in those in the antitrust action.

*Plaintiff's Notice to Take Depositions*

The plaintiff's notice calls for an examination of defendant organizations "by each of their officers and persons affiliated with said named defendants who have knowledge of the facts set forth in the pleadings herein." Such a description fails to comply with the requirements of Rule 30 of the Federal Rules of Civil Procedure, 28 U.S.C.A. (Morrison Export Co. v. Goldstone, D.C., 12 F.R.D. 258, at page 260; Shankman v. Northwest Air Lines, D.C., 18 F.R.D. 436).

Accordingly, we order that the notice of the plaintiff is vacated as to all defendants except Messrs. Zimmerman, Minkoff and Namenwirth and Joint Board to the extent that it will be examined through these three individuals. Although not named in the body of the notice with the particularity required by Rule 30, they are expressly included in the caption on the face of the said notice.

*Plaintiff's Notice to Produce*

However, even as to those defendants, plaintiff's notice to produce must be vacated. That notice is as follows:

"Please take further notice, upon the taking of the depositions of each of the defendants, their officers, agents and employees, each of the defendants will be required to produce at the times and places specified above, for use in connection therewith, all of the documents, books, papers, records, agreements, memoranda, correspondence and all other writings made by each of the defendants or on behalf of each of the defendants, their agents, servants, employees, representatives or designees."

Such a description is of no value in enabling the most willing of adversaries to comply with the notice. Indeed, this notice is patently impossible of compliance.

*Priority*

■ It is undisputed that all defendants had served their notices to take depositions prior to plaintiff. Therefore, defendants are entitled to priority of examination in accordance with the prevailing rule that, in the absence of some special and good reason, examinations should proceed in the order in which they are demanded (Comercio E Industria Continental, S.A. v. Dresser Industries Inc., D.C., 19 F.R.D. 265). Plaintiff has failed to establish such a special reason as would incline us to depart from the normal rule of priority. The examination sought is not unreasonable.

*Designation of a Federal Judge*

■ We come now to plaintiff's application "to appoint and designate a Federal Judge to supervise the taking of depositions and to establish a schedule therefor." This application is opposed by certain of the defendants. Part of it has been rendered moot by reason of the cooperation of counsel in establishing a schedule. We see no reason why this flow of cooperation cannot be further tapped for the benefit of the actual taking of all depositions. As Members of the Bar of this Court, counsel for defendants are entitled to an opportunity to show their good faith by cooperating with their adversary for the orderly completion of this stage of the instant action.

Furthermore, the time of the Bench of this Court has been so completely mortgaged for the disposition of the large number of long and protracted cases filed in this District that an assignment of a Judge to supervise the taking of depositions in the case at bar would serve only to postpone such proceedings.

Accordingly, plaintiff's motion is denied with leave to apply for appointment of a master in the event that counsel cannot achieve the desired cooperation after the initiation of the taking of depositions.

*Plaintiff's Exceptions to Subpoena*

The items demanded by defendants' subpoena to which plaintiff has excepted are: 1) cash books showing disbursements made by plaintiff; 2) all check books, including check stubs, showing all deposits and withdrawals made by plaintiff; 3) all cancelled checks of plaintiff; 4) all bank statements of plaintiff; and 5) copies of all federal and state income tax returns and New York City general business and financial tax returns filed by plaintiff.

■ The first four items are clearly relevant on the issue of plaintiff's damages and the alleged illegality of the payments sought to be recovered. The cases cited by the defendants in support of the proposition that the tax returns are important on the question of damages, deal with loss of earnings or lost profits. Neither of these is involved in the Section 302 action and the defendant does not demand tax returns in that action.

■ As to Item 5 in the antitrust action, plaintiff alleges that it:

"suffered a substantial loss in sales by reason of the fact that retailers were intimidated and coerced by the defendants, and by reason of all the unlawful conduct on the part of the defendants hereinbefore described, the plaintiff has suffered damages since February, 1958 in the amount of $200,000.00."

This allegation provides defendants' demands for tax returns with sufficient materiality.

Accordingly, all of plaintiff's exceptions to the subpoena duces tecum are overruled and its motion to quash is denied. However, plaintiff shall not be required to produce tax returns for those years prior to 1956.

So ordered.