STOVER v. UNIVERSAL MOULDED PRODUCTS CORP. et al.

Civ. A. 11408.

United States District Court
E. D. Pennsylvania.

Nov. 27, 1950.

Fairfax Leary, Jr., James J. Leyden, of Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for plaintiff.

William Barclay Lex, John Ross, Philadelphia, Pa., James V. Hayes, Lloyd F. MacMahon, New York City, for defendant.

KIRKPATRICK, Chief Judge.

This action was commenced September 27, 1950, by the filing of the complaint.

On October 12 the plaintiff, upon an ex parte application, obtained leave to serve notices upon one of the defendants, Arthur E. Pew, Jr., and upon two witnesses, of the taking of their depositions on October 31 and November 1. Pursuant to leave so granted, the plaintiff on October 16 or 17 handed notices of the taking of the depositions, together with subpoenas, to the marshal for service.

On October 23 at 4:00 P.M. the defendant's attorney, in New York, mailed a letter, addressed to the plaintiff in care of the plaintiff's attorney at his office in Philadelphia, notifying the plaintiff that the deposition of her assignor would be taken in New York on October 26. Half an hour later (4:30 P.M., October 23) the marshal served the plaintiff's notice and subpœna on the defendant, Pew. At that time no appearance for any of the defendants had been entered and service on Pew in person was proper. At 5:30 on the same day the plaintiff's assignor was subpœnæd.

The question, which party shall the Court permit to proceed with taking the depositions of the adverse parties and witnesses, is largely in the discretion of the Court.

In the first place, I do not think that, as the case now stands, the propriety of my order of October 12, issued under the proviso of Rule 26(a), Fed.Rules Civ. Proc., 28 U.S.C.A., is a material issue. The Rules provide, Rule 5, the methods by which service is to be made. Handing a notice of taking depositions to the marshal is not a service within the Rules. Consequently the plaintiff's notice to take Pew's deposition was "served" when the marshal delivered it to him at 4:30 P.M. on October 23. This was more than 20 days after the commencement of the action and the plaintiff could have then made the service without leave of court.

Rule 5 does provide that "Service by mail is complete upon mailing". And, since the defendants mailed their notice of taking the deposition of the plaintiff's assignor half an hour before Pew was served, the defendants had priority in demand, and under the practice followed in this district with substantial uniformity would ordinarily have been entitled to proceed with the depositions before the plaintiff. This, however, presupposes a proper notice and I am of the opinion that fixing a date for taking a deposition two days after the notice mailed could possibly have been received, is in the absence of any special need for haste an unreasonably short time and renders the notice improper and invalid. Judge Welsh so held in an application made to him in this case to stay the taking

of this particular deposition and I shall follow his ruling.

 I hold that the plaintiff is entitled to proceed with the taking of the deposition of Mr. Pew before the defendants take the deposition of the plaintiff's assignor.

It does not appear when the witnesses McKoy and Van Alstyne were served but, under the circumstances of this case, it would seem proper for the plaintiff to take their depositions as well before the defendants proceed.

An appropriate order may be presented, unless the parties agree to be bound by this memorandum.