John FITZMAURICE

v.

CALMAR STEAMSHIP CORPORATION.

Civ. A. No. 28626.

United States District Court
E. D. Pennsylvania.

Oct. 31, 1960.

---

Avram G. Adler, Philadelphia, Pa., for plaintiff.

John W. Ennis, Jr., Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

Order sur plaintiff's motion for production of documents under Federal Rules of Civil Procedure No. 34, 28 U.S.C.A. (Document No. 2); defendant's motion for a protective order as to plaintiff's motion for production of documents

'(Document No. 5); and defendant's motion to compel production of plaintiff for his noticed deposition (Document No. 7).

And Now, October 31, 1960, after consideration of the above Motions, the attached letters of October 20 and 24, the affidavits of October 20 (attached to Document No. 2) and October 25 (Document No. 9), oral argument, the attached briefs, and the record, it is ordered that:

1. Plaintiff shall submit himself on a mutually convenient date, within 30 days of this date, so that his deposition may be taken by defendant;

2. Immediately after the deposition, the documents listed in paragraphs 3(a), (f) and (g) of the Motion to Produce shall be produced forthwith to plaintiff's counsel for inspection and copying;[1] and

3. In all other respects, the Motion to Produce shall be denied.

■ No good cause has been shown for all documents listed in the Motion to Produce.[2] The Motion does not conform with Official Form 24 in that there is no statement therein that each of the documents constitutes or contains evidence relevant and material to a matter involved in the action and no factual recitation in the affidavit showing that defendant has the documents in its possession or control and that each of the requested items is relevant to some issue in the action.[3]

---

1. Defendant agreed to produce the document listed in (a) at the argument and the affidavit of October 25, 1960, indicates no objection to production of documents listed in (f) and (g). For this reason, the requirement of good cause need not be considered as to these documents. If there has been a misunderstanding on this, defendant may file a motion to amend this order within 10 days.

2. Affidavit of October 25, 1960 (Document No. 9), and defendant's Motion (see, for example, paragraph 2) for Protective Order (Document No. 5) show that the production of all the documents in this

Motion, without identification of exactly what is involved, would be burdensome.

3. If a party does not have sufficient information to describe the documents he desires to inspect, as required by Official Form 24, or sufficient knowledge that such documents are in the control of the adverse party so that he can execute the affidavit to accompany the Motion under Official Form 24, he may proceed by submission of written interrogatories or take the deposition of the party before moving for an order under Rule 34. 4 Moore's Federal Practice 2437 (2nd Ed. 1951). In Alltmont v. United States, 3 Cir., 1950, 177 F.2d 971, the court, in

A defective discovery notice or motion cannot be treated as proper start of discovery by the party filing such defective notice or motion. Stover v. Universal Moulded Products Corp., D.C.E.D. Pa.1950, 11 F.R.D. 90. For this reason, notice of deposition filed October 4, 1960 (Document No. 4), takes precedence and plaintiff must submit himself for deposition. Under these circumstances, it is not necessary to consider the many other interesting points raised by counsel. The procedure followed in this order is in accordance with that prescribed by Judge Kraft in Simmons v. Gulf Oil Corp., Civil Action No. 27281, Order of December 9, 1959.

discussing statements which have been obtained by an adverse party, stated at page 978:

"Having obtained information as to the existence, nature and location of the statements through interrogatories he is in position to move for their production under Civil Procedure Rule 34 or Admiralty Rule 32."