Ernest A. KAEPPLER (doing business as G. A. Kaeppler & Son) et al., Plaintiffs

v.

JAS. H. MATTHEWS & CO. et al., Defendants.

Civ. A. No. 25618.

United States District Court
E. D. Pennsylvania.

Dec. 26, 1961.

See also 180 F.Supp. 691.

**230**

---

Richardson Blair, Charles V. Stoelker, Jr., Philadelphia, Pa., for plaintiffs.

David H. Rosenbluth, Francis Hopkinson, Fred C. Aldridge, Jr., Israel Packel, Philadelphia, Pa., Victor H. Kramer, Washington, D. C., for defendants.

FREEDMAN, District Judge.

Plaintiffs have filed a motion for a protective order under F.R.Civ.P. rule 30(b), 28 U.S.C.A., to stay the taking by defendants of the deposition of Bronne A. Bruzgo, Jr., vice president of Summit Hill Marble & Granite Co., Inc., one of the plaintiffs. Bruzgo has also been subpoenaed and by duces tecum has been directed to produce Summit's books and records. Except for this and outstanding interrogatories propounded to plaintiffs to which a number of objections have been made, defendants' discovery is completed.

The suit is a class action by monument dealers in the Greater Philadelphia area against leading cemeteries—described as memorial parks—in the same area, and the suppliers of bronze monuments to the cemeteries. The plaintiffs allege a conspiracy between the suppliers and cemeteries to exclude them from the bronze marker market.

Bruzgo has been indicted for income tax evasion and is now awaiting trial in the United States District Court for the Middle District of Pennsylvania, Criminal No. 13577. He is charged with evasion of personal income tax for 1954, one of the years involved in the present suit, and with attempted evasion of corporate income tax due by Summit for the same year. Bruzgo's counsel in the criminal case has instructed him not to answer any questions in discovery in this case, lest the Government claim that he waived his privilege against self-incrimination under the Fifth Amendment. Summit claims that to require Bruzgo to appear for depositions at this time would be oppressive and would violate Bruzgo's privilege against self-incrimination. Summit then asks that during the pendency of the criminal proceeding, while discovery by defendants is stayed, it should be permitted to proceed with discovery against them.

The Rules give defendants in general the advantage of being able to invoke discovery at once, while plaintiffs may not do so during the first twenty days after commencement of the action unless leave of court is obtained. F.R.Civ.P. rule 26(a). Here the defendants have moved first with discovery, and ordinarily they would be entitled to maintain their priority and complete the discovery they have begun. The practice of first come, first served, is not, however, to be exalted into a rule of law. It is rather a simple formula to facilitate the movement of discovery where there are no special circumstances which upset the balance of priority established by the acts of the parties. It is rightly broken in upon whenever required by the circumstances, either for considerations of convenience or for more substantial reasons. The right of a plaintiff to proceed immediately with discovery even within twenty days from the commencement of the action on leave of court, is a recognition of superiority of the individual circumstances over the usual formula for priority. As said by Professor Moore, the "order of examination is not an inflexible rule and may be varied in particular cases". 4 Moore's Federal Practice (2d ed. 1950), § 26.13, p. 1059, and cases there cited.

The circumstances of this case lead to the conclusion that defendants should be permitted to complete their discovery by examination of Summit's

books and records and the interrogation of any of Summit's officers, agents or employees, other than Bruzgo. Summit, as a corporation, cannot claim the privilege of the Fifth Amendment for itself (United States v. White, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542 [1944]) or for Bruzgo (Rogers v. United States, 340 U.S. 367, 71 S.Ct. 438, 95 L.Ed. 344 [1951]). By the time defendants will have completed their discovery as thus limited, and the interrogatories propounded to the plaintiffs have been answered or otherwise disposed of, it may well be that the significance which defendants now attach to Bruzgo's testimony may have largely disappeared. In any event, we will permit plaintiffs to go forward at that time and conduct their discovery. It may come to pass that when plaintiffs have completed their discovery, Bruzgo's criminal trial may have taken place and hence his understandable concern at being interrogated in the present case may have been spent. While the anxiety of a defendant facing a criminal trial does not rise to a legally adequate plea, it is an element which may justly be taken into consideration in arranging the timetable of depositions among a variety of parties. If Bruzgo's criminal trial has not been held by the time plaintiffs have completed their discovery, defendants will be permitted to interrogate him in depositions. For it would be unfair to balk their interrogation of Bruzgo again by a barrier over which they have no control,—the time of the criminal trial. In this no injury will be done to Bruzgo because at that time he can claim and have decided his constitutional privilege as to specific questions addressed to him. United States v. Lustig, 16 F.R.D. 138 (S.D.N.Y. 1954).

Accordingly we enter the following Order

And Now, December 26, 1961, the motion for a protective order is granted in part and denied in part, as follows:

1. Defendants may complete their discovery by interrogation of any officers, agents or employees of Summit Hill Marble & Granite Co., Inc., other than Bronne A. Bruzgo, Jr.

2. After defendants have completed their discovery as limited in paragraph 1 hereof, and after plaintiffs have answered or otherwise secured the disposition of the presently outstanding interrogatories propounded to them, plaintiffs may go forward with their discovery.

3. After plaintiffs have completed their discovery, defendants may take the deposition of Bronne A. Bruzgo, Jr., whether or not at that time the charges against him in Criminal No. 13577 in the United States District Court for the Middle District of Pennsylvania have been tried.