Burton S. WENDKOS, t/a Pop Corn Sez Co.

v.

ABC CONSOLIDATED CORPORATION and Berlo Vending Company.

VEND–A–SNAK, INC.

v.

ABC CONSOLIDATED CORPORATION and Berlo Vending Company.

Civ. A. Nos. 38542, 38543.

United States District Court E. D. Pennsylvania.

Oct. 7, 1965.

Melvin Lashner, Philadelphia, Pa., for Wendkos.

Melvin Lashner, Philadelphia, Pa., for Vend-a-Snak.

Edward W. Mullinix, Philadelphia, Pa., for defendants.

VAN DUSEN, District Judge.

Both plaintiffs and defendants in these related cases have made motions for protective orders pursuant to Rule 30(b) of the Federal Rules of Civil Procedure. Each party now claims to have the exclusive right to go forward with depositions.

The facts are not in dispute. The complaint was filed and 20 days later the plaintiffs filed a Notice of Deposition with the Clerk of the court (Document 3). This notice was not served on the defendants at the time of filing. Thereafter the defendants made an appearance and simultaneously filed and served a notice for depositions of the plaintiffs (Document 6). Counsel for plaintiffs responded by mailing to counsel for defendants the notice of depositions previously filed with the Clerk of the court. This state of affairs resulted in cross notices for depositions, one filed first and the other served first.

■■ Although the law in this area is flexible, it is generally stated that service is controlling in establishing priority. Dow Chemical Co. v. Stauffer Chemical Co., 26 F.R.D. 179, 180 (D.Del.1960). Mere filing is nothing more than defective service, and defective service cannot establish priority. Cf. Fitzmaurice v. Calmar Steamship Corp., 26 F.R.D. 172, 174 (E.D.Pa.1960).

■ It should be pointed out that in this case the plaintiffs were free on expiration of twenty days from the time of the filing of the complaints to serve the named defendants. This they could have done without an entry of appearance by counsel for the defendants. Stover v. Universal Moulded Products Corp., 11 F.R.D. 90, 91 (E.D.Pa. 1950).

■■ The rule of first come first served is subject to exceptions upon a showing of special circumstances.[1] Although the plaintiffs in these cases have not shown such special circumstances as would require this court to deviate from the rule of priority stated above, nevertheless the court feels that the plaintiffs here will be entitled to show such circumstances in the future should the defendants not go forward promptly with their depositions of Wendkos and his wife. In that case, the court would feel free to fashion a formula such as that used in Caldwell-Clements, Inc. v. McGraw-Hill Pub. Co., Inc., 11 F.R.D. 156 (S.D.N.Y. 1951). See, also, Kaeppler v. Jas. H. Matthews & Co., 200 F.Supp. 229 (E.D.Pa. 1961).

## ORDER

And now, October 7, 1965, it is ordered that:

(1) the motion of the defendants, ABC Consolidated Corporation and Berlo Vending Company, for a protective order under F.R.Civ.P. 30(b) is granted, subject to the provision that the defendants go forward promptly with their depositions of the plaintiff, Burton S. Wendkos, and his wife, after which the plaintiffs shall be allowed to go forward with their deposition of Jacob Beresin; and

(2) the motion of the plaintiffs for a protective order is denied, with leave granted to renew it if the depositions of Mr. and Mrs. Wendkos are not taken promptly by defendants.

---

1. Buren v. Schein, 24 F.R.D. 504 (E.D.N.Y.1960); Budget Dress Corp. v. Joint Board of Dress and Waistmakers Union, 24 F.R.D. 506 (S.D.N.Y.1959).