SUPLEE, YEATMAN, MOSLEY CO. Inc.

v.

Harris SHAPIRO, N. Robert Kaplan, Paul M. Sloan, and Oscar S. Schermer, Edward Leventhal, Victor Bergelson, Henry Yusem and Samuel Moskowitz, individually and trading as Sevoh Associates.

Civ. A. No. 40814.

United States District Court
E. D. Pennsylvania.

Oct. 27, 1966.

Saul, Ewing, Remick & Saul, Philadelphia, Pa., for plaintiff.

Dilworth, Paxson, Kalish, Kohn & Levy, Philadelphia, Pa., for defendants. Oscar S. Schermer, Edward Leventhal, Victor Bergelson, Henry Yusem, and Samuel Moskowitz, individually and trading as Sevoh Associates.

David N. Bressler, Philadelphia, Pa., for defendant Paul M. Sloan.

Lodge & Goldman, Philadelphia, Pa., for defendant N. Robert Kaplan.

Louis Lipschitz, Philadelphia, Pa., for defendant Harris Shapiro.

## MEMORANDUM

JOHN MORGAN DAVIS, District Judge.

The plaintiff filed its complaint on July 27, 1966 and on the same day obtained an ex parte Order permitting it to serve notices of deposition on the defendants within 20 days pursuant to Rule 26(a) of the Federal Rules of Civil Procedure.

The defendants known as Sevoh Associates have now moved to vacate the Order of July 27 on the ground that they actually served their notices of deposition on the plaintiff on August 2 and August 3 while the plaintiff's notices were not served until August 6.

Although the rule is not inflexible, the first party to serve its notices of deposition has priority. Wendkos v. ABC Consolidated Corp., 38 F.R.D. 426(E.D.

Pa. 1965). We see no reason to deviate from this principle here.

The other defendants did not serve their notices of deposition prior to August 6. However, in order to avoid a multiplicity of depositions we will allow them to participate in the examinations scheduled by Sevoh Associates.

In closing, we note that our Order of July 27, 1966 did not automatically give the plaintiff priority in taking depositions. All that we did was to permit it to serve its notice within 20 days after filing the complaint.

## ORDER

And now, this 27th day of October 1966, it is hereby Ordered that the depositions to be conducted by the defendants known as Sevoh Associates shall have priority over the depositions to be conducted by the plaintiff.

It is further Ordered that the priority of the plaintiff shall stand as to the defendants Harris Shapiro, N. Robert Kaplan, and Paul Sloan unless they or their attorneys participate in the depositions noticed by Sevoh Associates.