**In re Marjorie Margaret McDOWELL, Debtor.**

**Marjorie M. McDOWELL, Plaintiff,**

v.

**VAN NUYS FINANCE CO., INC., Defendant.**

**Bankruptcy No. 83–00399.**
**Adv. No. 83–0497.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Sept. 23, 1983.

David L. Honold, Toledo, Ohio, for plaintiff.

James Cameron, San Francisco, Cal., for defendant.

### ORDER GRANTING DEFAULT JUDGMENT

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court upon the motion of Plaintiff, Marjorie M. McDowell, for default judgment, pursuant to Rule 16(f) Fed.R.Civ.P., as a sanction for Defendant's failure to appear at a duly scheduled pre-trial conference in this matter. The motion is well taken and should be granted.

Plaintiff filed her complaint pursuant to 11 U.S.C. § 522(f) on May 25, 1983. Defendant was summoned and required to serve upon Plaintiff's attorney an answer to the Complaint on or before July 5, 1983. Defendant was further notified in the May 31, 1983 "Summons and Notice of Pre-Trial Conference" that this matter was scheduled for pre-trial conference on August 17, 1983 at 10:00 o'clock A.M. Despite having duly filed an answer to the Complaint on July 5, 1983, no representative of Defendant corporation made an appearance at the August 17, 1983 pre-trial conference at the designated time and place. Furthermore, this Court has received no response to the instant motion, filed August 18, 1983, despite

**324**

a copy thereof having been served upon James Cameron, Attorney for Defendant.

Rule 16(f) Fed.R.Civ.P., with amendments effective August 1, 1983, provides the controlling rules with respect to the sanctions appropriate for failure to appear at a scheduling or pretrial conference. In relevant part, it provides as follows:

> If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or his own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).

Thus, pursuant to Rule 16 Fed.R. Civ.P., if no appearance is made on behalf of a party at a scheduling or pretrial conference the Court, upon motion or on its own initiative, has the discretion to enter such order with regard thereto as are just, including the orders provided by Rule 37(b)(2)(B), (C), and (D) Fed.R.Civ.P. As the Advisory Committee Note to amended Rule 16 illustrates, among the sanctions authorized under Rule 37 are preclusion orders, striking a pleading, staying the proceedings, default judgment, contempt, and charging a party, his attorney or both with the expenses, including attorneys fees, caused by noncompliance.

Under the circumstances of this case, Defendant having failed to respond to the motion for default judgment, the Court being fully advised in the premises, in the exercise of its sound discretion, the Court deems entry of an order of default judgment to be an appropriate remedy for Defendant's failure to appear at the pre-trial conference as scheduled. It is therefore,

ORDERED, ADJUDGED AND DECREED that the lien of Van Nuys Finance Company, Inc. on the household goods, appliances, furniture and furnishings of debtor-plaintiff Marjorie M. McDowell is hereby cancelled and voided.