**In re Gregory McDOWELL, Debtor.**

**Gregory McDOWELL, Plaintiff,**

**v.**

**John BALL, Guardian of the Estate of Joseph Brisboy, et al., Defendants.**

**Bankruptcy No. 93–30749.**
**Adv. No. 93–3083.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Jan. 24, 1994.

**510**

Gregory McDowell, pro se.

Russell Leffler, Huron County Prosecutor, Norwalk, OH, for Huron County.

Thomas Pavlik, Cleveland, OH, for John Ball, Guardian of the Estate of Joseph Brisboy.

## OPINION AND ORDER DISMISSING ADVERSARY PROCEEDING

WALTER J. KRASNIEWSKI,
Bankruptcy Judge.

This matter is before the Court upon Debtor Gregory McDowell's (the "Debtor") response to this Court's order requiring him to show cause why his adversary complaint against the Honorable Judge Thomas Heydinger (the "Judge"), Huron County Court of Common Pleas, and John Ball ("Ball"), Guardian of the Estate of Joseph Brisboy, under 11 U.S.C. § 362(h) should not be dismissed. The Court finds that the Debtor's complaint should be dismissed with prejudice as a sanction for the Debtor's failure to com-

ply with this Court's pretrial order pursuant to Bankruptcy Rule 7016(f) and for want of prosecution pursuant to Bankruptcy Rule 7041(b).

### FACTS

The Debtor filed his petition under chapter 7 of title 11 on March 15, 1993.

The Debtor filed the instant adversary proceeding (the "Adversary") on March 19, 1993 alleging that both Ball and the Judge willfully violated the automatic stay under 11 U.S.C. § 362.

The Adversary alleges that the Judge was in willful violation of the automatic stay for certain actions "in his capacity as Judge of the Huron County Court of Common Pleas, Probate Division". On March 2, 1993, the Judge ordered that the Debtor be held in jail as a sanction for his contempt ("Contempt Order") of the Court of Common Pleas, Huron County ("Huron Court") in failing to return certain funds (the "Funds") which were the property of the guardianship estate of Joseph Brisboy ("Brisboy") to the Huron Court. The Debtor, a duly licensed attorney in Ohio, obtained the Funds through false pretenses in purporting to act as Brisboy's attorney in the Erie County Probate Court. In a subsequent adversary proceeding, this Court held that the Debtor's obligation to repay the Funds to Brisboy was excepted from discharge under 11 U.S.C. § 523(a)(2)(A), (a)(4) and (a)(6). *See* Opinion and Order Granting Motion for Summary Judgment and Excepting Debt From Discharge dated December 8, 1993.

Although the Adversary also alleges that Ball violated the automatic stay, the Adversary does not detail any actions taken by Ball which resulted in this purported violation.

On March 22, 1993, the Court granted the Debtor's motion for a temporary restraining order which prohibited Ball and the Judge from continued enforcement of the Contempt Order. The Debtor was subsequently released from jail.

The Court granted the Debtor a continuance of a pretrial conference originally sched-

uled for June 30, 1993 until August 4, 1993 because of a purported scheduling conflict.

At the pretrial conference, the Debtor agreed to file a status report (the "Status Report") on or before September 3, 1993. *See* Stipulation dated August, 1993, signed by Gregory McDowell, Attorney for Plaintiff.

Upon the Debtor's failure to file the Status Report, the Court notified the Debtor by memorandum on September 16, 1993 that he should submit the Status Report forthwith. On the Debtor's continued failure to file the Status Report, the Court ordered that the Debtor show cause why the Adversary should not be dismissed for want of prosecution within ten days of the entry of such order on October 13, 1993 ("First Show Cause Order"). Fourteen days later, on October 27th, the Debtor filed a "[r]esponse" to the First Show Cause Order which stated that the Debtor "forgot" to file the Status Report because he was defending himself against allegations of professional misconduct before the Supreme Court of Ohio and criminal charges on appeal to the Supreme Court of Ohio.

On November 5, 1993, the Court ordered the Debtor to file a brief on or before December 3, 1993 (the "Pretrial Order"). The Pretrial Order further required the Debtor to provide a witness list, an exhibit list, and a certified record of all state court proceedings.

On December 28, 1993, the Court ordered that the Debtor show cause why the Adversary should not be dismissed within ten days because of the Debtor's failure to comply with the Pretrial Order ("Second Show Cause Order").

Fourteen days later, on January 11, 1994, the Debtor filed a "Response To Show Cause Order" (the "Response"). Despite the fact that all of the pleadings, motions, and other papers filed in this Adversary have been signed by the Debtor, the Debtor stated in the Response that he "failed to comply with the Court order of 11–5–93 because the same should have been sent to his attorney of record, Mr. Dennis Levin for response, not to [the Debtor]". Attorney Dennis Levin ("Levin") has not entered an appearance on the Debtor's behalf. Nor has Levin signed any of the pleadings, motions, or other papers filed in the Adversary. Furthermore, none of the documents filed with the Court by the Debtor during the course of this litigation have been served upon Levin, the Debtor's purported attorney.

Significantly, the Response did not contain the trial brief, witness list or exhibit list which the Debtor was required to file with the Court.

## DISCUSSION

### Sanctions Under Rule 7016(f)

Applicable Rules:

> Bankruptcy Rule 7016(f) provides that:
>
> If a party or a party's attorney fails to obey a scheduling or pretrial order, ... the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in [Bankruptcy Rule 7037(b)(2)(B), (C), (D) ].
>
> Bankruptcy Rule 7037(b)(2) provides that:
>
> If a party ... fails to obey an order to provide or permit discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> ... (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]

■ The Court finds that dismissal of the Adversary with prejudice represents an appropriate sanction for the Debtor's failure to comply with the Pretrial Order.

■ Under Rule 16, "[t]he ... court has discretion to impose whichever sanction it feels appropriate under the circumstances." *Clarksville–Montgomery County School System v. U.S. Gypsum Co.*, 925 F.2d 993, 998

(6th Cir.1991) (citation omitted); *c.f. McDowell v. Van Nuys Finance Co., Inc. (In re McDowell)*, 33 B.R. 323 (Bankr.N.D.Ohio 1983) (entry of default judgment represented appropriate sanction for failure to appear at pretrial conference).

■ In the context of Rule 37 the Sixth Circuit has stated that "[d]ismissal of an action ... is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault". *Patton v. Aerojet Ordnance Co.*, 765 F.2d 604, 607 (6th Cir.1985) (citations omitted). Before dismissing an adversary proceeding, a court must consider the degree to which the sanctioned party's adversary was prejudiced, whether the sanctioned party was warned that dismissal could result, and whether less drastic sanctions would be appropriate. *Regional Refuse Systems Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir.1988). Sanctions are "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent". *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976) (per curiam).

Although compliance with the Pretrial Order was within the Debtor's reasonable control, the Debtor has not advanced a plausible explanation for his failure to comply with said order. The Debtor did not request an extension of time to comply with the Pretrial Order either before or after the December 3rd deadline. The Second Show Cause Order placed the Debtor on notice that failure to comply with the Pretrial Order would result in dismissal. To this date, the Debtor has not filed the required brief, witness list or exhibit list.

Moreover, the Debtor's response to the Second Show Cause Order evinces bad faith. Instead of attempting to comply with the Pretrial Order, the Debtor has interposed the specious argument that he "failed to comply with the [Order] because the same should have been sent to his attorney of record, Mr. Dennis Levin".

■ Service on a party is proper where counsel for that party has not entered an appearance of record. *See Wendkos v. ABC Consolidated Corp.*, 38 F.R.D. 426 (E.D.Pa. 1965) (personal service on defendants proper where defendants have not entered appearance of counsel); *c.f.* Fed.R.Bankr.P. 7005(b) (requiring service upon an attorney where a party is represented by an attorney). This rule is of great moment in the Adversary where the Debtor, an attorney, has proceeded pro se throughout the course of the litigation. All of the pleadings, motions and papers filed in the Adversary were signed by the Debtor. *See* "Plaintiff's Response to Court's Show Cause Order", filed October 27, 1993 (filed by "Gregory A. McDowell # 0032965, Attorney at Law, Plaintiff pro se"); "Status Report of Plaintiff", filed October 27, 1993 (filed by "Gregory A. McDowell # 0032965, Attorney at Law, Plaintiff pro se"). None of these pleadings, motions or papers were signed by Levin. *See Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 542, 111 S.Ct. 922, 928–29, 112 L.Ed.2d 1140 (1991) (noting that, where a party was represented by an attorney, former Rule 11 mandated that the attorney sign a motion, pleading or other paper filed with the court); *c.f.* Fed. R.Bankr.P. 9011 (requiring attorney of record's signature on documents "except [for] a list, schedule, or statement, or amendments thereto"). Indeed, the Debtor's assertion that Levin was acting as his attorney is belied by the fact that none of the papers filed by the Debtor in the Adversary have been served on Levin.

The Debtor's failure to comply with the Pretrial Order has prejudiced both Ball and the Judge. The Debtor has failed to provide, or minimally describe, the evidence which he would present at the trial of the Adversary. *See Regional Refuse Systems*, 842 F.2d at 155 (noting that the plaintiff's "lack of cooperation during the discovery period created substantial doubts about the quality of the evidence available to prove [his] allegations").

The Debtor has failed to describe the course of conduct which resulted in Ball's alleged violation of the automatic stay. " 'As a case takes shape and the court struggles to

narrow and pinpoint issues, the parties have an unflagging obligation to spell out squarely and distinctly those claims they desire to advance at the trial proper. Good-faith compliance with Civil Rule 16 plays an important role in this process.'" *Smith v. Gulf Oil Co.,* 995 F.2d 638, 643, n. 4 (6th Cir.1993) (quoting *Veranda Beach Club Limited Partnership v. Western Surety Co.,* 936 F.2d 1364, 1371 (1st Cir.1991)).

Further, the Debtor has not given the Court, or the Judge, any indication as to how he will prove his entitlement to monetary damages under § 362(h) for actions performed by the Judge, a state official, in his judicial capacity.

Here, as in *Regional Refuse Systems,* "[t]he defendants know little more now than they did when they began about how the [Debtor] intend[s] to prove [his] case, and the prejudice caused by the [Debtor's] conduct is therefore clear". *Regional Refuse Systems,* 842 F.2d at 155.

The Debtor was on notice that his dilatory conduct could result in dismissal. The First Show Cause Order notified the Debtor that the Adversary could be dismissed for his failure to comply with his pretrial responsibilities. The Second Show Cause Order placed the Debtor squarely on notice that the Adversary would be dismissed absent compliance with the Pretrial Order.

Lastly, the Court is convinced that dismissal represents the appropriate sanction. Despite the Court's admonition that the Adversary could be dismissed for failure to comply with the Pretrial Order, the Debtor has failed to demonstrate a good faith attempt to provide the requisite brief, witness list or exhibit list.

This does not represent a proceeding where the failures of counsel have been visited upon a lay client. *See Buck v. U.S. Dept. of Agriculture, Farmers Home Admin.,* 960 F.2d 603, 608 (6th Cir.1992) (observing that "[d]espite the Supreme Court's unequivocal language, [the] court, like many others, has been extremely reluctant to uphold the dismissal of a case or the entering of a default judgment merely to discipline an errant attorney because such a sanction deprives the client of his day in court") (citation omitted). Although appearing pro se, the Debtor is a duly licensed attorney who has previously appeared in adversary proceedings in the Western Division of the Northern District of Ohio.

## Dismissal for Want of Prosecution Under Rule 7041(b)

Further, the Court finds that dismissal of the Adversary is warranted for want of prosecution. *See Link v. Wabash R. Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (sua sponte dismissal warranted for counsel's failure to appear at a pretrial conference where case history supported the inference that counsel had been deliberately proceeding in a dilatory fashion); *c.f. National Hockey League,* 427 U.S. at 642, 96 S.Ct. at 2780 (dismissal for failure to comply with discovery orders under Rule 37 warranted where "[n]ot only did respondents fail to file their responses on time, but the responses which they ultimately did file were ... grossly inadequate"). The Debtor's responses to both the First Show Cause Order and the Second Show Cause Order have been neither adequate nor timely filed. As set forth above, the Response provides evidence of the Debtor's bad faith. Again, to this date the Debtor has not provided the requested brief, witness list, or exhibit list or requested an extension of time. Therefore, the Adversary should be dismissed for failure to prosecute.

In light of the foregoing, it is therefore

ORDERED that Gregory McDowell's adversary complaint against the Honorable Judge Thomas Heydinger and John Ball be, and it hereby is, dismissed with prejudice.