Elmer J. KELLER, et al.,

v.

Bruce EDWARDS, M.D., et al.

Civ. No. S–01–CV–3418.

United States District Court,
D. Maryland.

March 27, 2002.

Johnathan Schochor, James D. Cardea, Schochor, Federico and Staton, PA, Baltimore, MD, for plaintiff.

Frederick W. Goundry, III, Varner and Goundry, Frederick, MD, E. Dale Adkins, III, Charles I. Joseph, Anderson, Coe and King, LLP, Baltimore, MD, for defendants.

### MEMORANDUM AND ORDER

GRIMM, United States Magistrate Judge.

On November 16, 2001, plaintiffs, Mr. and Mrs. Keller, filed a diversity action against defendants Bruce Edwards, M.D., his professional association, an orthopedic specialists' professional association, a hospital, and a health care system. The Kellers allege malpractice in connection with a total hip replacement procedure Mr. Keller underwent on July 27, 1999. Paper No. 1. Defendants were served with the complaint on December 4, 2001. At the same time, Rule 33 and 34 discovery requests and deposition notices were served. Papers Nos. 3–7. Dr. Edwards' deposition was noted for January 14, 2002. Paper No. 10, ¶ 2.

On February 1, 2002, plaintiffs filed a motion to compel the deposition of Dr. Edwards. Counsel for Dr. Edwards responded to plaintiffs' counsel by stating that Dr. Edwards would not be produced for deposition until after the plaintiffs and their certifying expert, Marvin Winell, M.D., had been deposed.[1] *Id.* ¶¶ 3–4 and Exh. C. Good faith efforts to resolve this dispute without the need for court intervention were unsuccessful. Chief Judge Smalkin referred this case to me for resolution of all discovery disputes, Paper No. 12, and the motion has been fully briefed.[2] Paper Nos. 10, 11, 13. On March 14, 2002, I issued a letter memorandum granting, in part, and denying, in part, the plaintiffs' motion. Paper No. 14. I briefly stated the basis for my ruling and informed counsel that, due to the want of authority in this district or circuit on the issue presented in this discovery dispute and its recurring nature, I would amplify the ruling in a memorandum and order. This memorandum provides that amplification. As I said in my earlier ruling, no hearing is needed. L.R. 105.6

### 1. The Complaint.

The Kellers' complaint asserts two counts. Count one alleges medical malpractice against all five defendants; count two contains Mrs. Keller's consortium claim against them. Paper No. 1. The pleading in both counts is boilerplate. It minimally provides notice pleading of the plaintiffs' claims, as permitted by Rule 8(a). It contains no specifics regarding the alleged negligent acts of the defendants, except to assert that during the hip replacement surgery Mr. Keller suffered a nerve injury resulting in pain and suffering and permanent injury. *Id.* ¶ 10–12. The complaint is silent regarding how the defendants allegedly violated the requisite standard of care for health care professionals.

Attached as an exhibit to the complaint is a "certificate of merit" signed by Marvin Winell, M.D., as required by Md.Code Ann., Cts. & Jud. Proc. § 3–2A–04. Although it meets the formal requirements of § 3–2A–04, the certificate is completely conclusory and substantively worthless as a method of informing the defendants of the particulars regarding their alleged negligence.

### 2. The Rules and Guidelines Regarding the Commencement of Discovery.

Effective with the 1993 changes to the Federal Rules of Civil Procedure, Rule 26(d) was revised to prohibit the commencement of formal discovery—which includes depositions—until after certain stated events had taken place. The purpose was to prevent one party from unilaterally engaging in discovery unless approved by the court or consented to by the parties. In this district, Rule 26(d) has been supplemented by Local Rule 104.4, which governs the commencement of discovery. Rule 104.4 has the effect of staying all discovery until the Rule 26(a)(1) disclosures are made, or, in cases in which the Rule 26(a)(1) disclosures are inapplicable, until the scheduling order has been issued, unless the parties mutually consent to begin discovery. The scheduling order states whether Rule 26(a)(1) disclosures are required. Thus, as a practical matter, in this district, discovery automatically is stayed after a civil action is commenced until a scheduling order has been issued. If the scheduling order requires Rule 26(a)(1) disclosures, discovery further is stayed until they have been made.

A scheduling order has not been issued in this case because not all of the defendants have filed answers or responsive motions. Moreover, the correspondence between counsel is clear that they did not agree to commence discovery early. Accordingly, it was improper for the plaintiffs to

---

1. Md.Code Ann., Cts. & Jud. Proc. § 3–2A–04(b)(1)(i) requires that plaintiffs suing for medical malpractice must obtain a certificate from a qualifying expert who certifies that a violation of the standard of care has taken place. In addition, Md.Code Ann., Cts. & Jud. Proc. § 3–2A–06A permits the parties to mutually agree to waive arbitration of a plaintiff's claim and proceed to file their complaint in court.

2. Rather than file a memorandum in opposition to the plaintiffs' motion to compel, Dr. Edwards filed a "motion to set order of depositions and response to plaintiffs' motion to compel." Paper No. 11.

have served deposition notices on the defendants, including Dr. Edwards, with the service of the complaint. Therefore, the notices of depositions were defective and unenforceable.[3]

Moreover, from the record before me it also appears that plaintiffs failed to comply with Discovery Guideline 4.a., which provides that "[a]ttorneys are expected to make a good faith effort to coordinate deposition dates with opposing counsel, parties, and non-party deponents, prior to noting a deposition." The purpose of this guideline is apparent. It is intended to prevent the problems that often occur when one party unilaterally notes a deposition without consulting opposing counsel to attempt to identify scheduling conflicts or resolve any issues regarding the timing and sequence of discovery.

### 3. The Sequence and Timing of Discovery.

Rule 26(d) further provides:

Unless the court upon motion, for the convenience of parties and witnesses and in the interests of justice, orders otherwise, methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, shall not operate to delay any other party's discovery.

The commentary to this rule states that when the provisions now found in Rule 26(d) were enacted, they were intended "first, to eliminate any fixed priority in the sequence of discovery, and, second, to make clear and explicit the court's power to establish priority by an order issued in a particular case." Commentary to the 1970 Amendments to the

Federal Rules of Civil Procedure, 48 F.R.D. 487, 506. This change was adopted to eliminate from practice a priority rule that had been adopted by some courts, under which the first party that served notices of depositions obtained priority to complete their depositions before adverse parties could take any of theirs. *Id.* The drafters of the rule change specifically hoped to avoid the predictable effect of the priority rule—a race between counsel to be the first to note depositions.[4] *Id.*

Local Rule 104.4, along with Discovery Guideline 4.a., further implement Rule 26(d) and guard against any clandestine return of the priority rule. If a party may not commence discovery until after a scheduling order has been issued, and further is expected to coordinate deposition dates with adverse counsel and non-party witnesses before noting depositions, the undesirable effects of the priority rule are eliminated. Counsel will not be able to ambush unsuspecting opponents or third parties with unilaterally noted depositions that the rules of procedure make self-enforcing.[5] Instead, under the present structure of the rules, local rules and discovery guidelines, counsel are forced to discuss differences that they may have regarding the sequence and timing of discovery. If they are able to resolve them without court intervention, as is the aspiration of Discovery Guideline 1.d., then the discovery process works most effectively. If they are not, they then must turn to the court for an answer, as the rules do not permit either to stalemate their opponent.

---

**3.** I am mindful of the fact that Maryland Rule 2–401(b) does not contain provisions such as those found in Fed.R.Civ.P. 26(d), so that in state court practice serving a notice of deposition with a complaint is not prohibited. Plaintiffs, however, chose to file suit in federal court under diversity jurisdiction, and, accordingly, must abide by the rules, local rules and guidelines of this forum.

**4.** In *Caldwell–Clements, Inc. v. McGraw–Hill Pub. Co.*, 11 F.R.D. 156 (S.D.N.Y.1951), the court described some of the tactics resorted to by counsel to win this race, noting, in language that equally is applicable to the present case:

we see that the rule of "first come-first served" has converted what was intended as an orderly process for the preparation for trial into a

game of strategy and a jockeying for position. The problem of adequate preparation for trial seems to have been relegated to a subordinate position.

*Id.* at 158.

**5.** *See, e.g.* Rule 30(a)(1). A court order is not required to note a deposition. As to parties, a properly noted deposition is all that is needed to compel their attendance, as the sanctions that may be imposed under Rule 37(d) for non-attendance at a properly noted deposition make it very risky to refuse to attend. To compel the attendance of a non-party witness, a subpoena must be served with the deposition notice. *Id.*, Rule 45.

This is not to say that there is anything wrong with good counsel attempting to take discovery in a sequence that affords them a tactical advantage. What they may not do, as plaintiffs attempted to do here, is ignore the rules of procedure, local rules, and discovery guidelines to accomplish their goal. Neither, as next will be seen, are adverse parties, served with a proper notice of deposition, entitled to refuse to be present for the deposition without an order from the court excusing them from attending.

In this case, when counsel for Dr. Edwards communicated with plaintiffs' counsel he noted, correctly, that the deposition notice failed to comply with the rules of procedure and discovery guidelines but added "I will not produce Bruce Edwards, M.D. until the depositions of your clients and certifier have been taken." Paper No. 10, Exhibit A. While an attorney representing a party or witness that has been served with a valid notice of deposition properly may communicate to the noting party any objections to the service, sequence or timing of the deposition, he may not unilaterally refuse to produce his client until certain conditions are fulfilled.

If objections to the service of the deposition notice, or sequence and timing of the deposition in dispute cannot be resolved with opposing counsel through the good faith discussions contemplated by Discovery Guideline 1.d., then a motion for protective order must be filed pursuant to Rule 26(c) requesting that the court order that the deposition not take place or delay it until after other discovery has been presented. Faced with such a motion, the court can assess the merits of the arguments by both parties and then rule, taking into consideration the factors identified at Rules 26(b)(2) and 26(c).[6]

Rule 37(d) states that a failure to produce a party whose deposition properly has been noted exposes that party to the potentially case-determinative sanctions of Rule 37(b)(2)(A)–(C), as well as the imposition of monetary sanctions for the opposing party's reasonable expenses that may include attorney's fees incurred in connection with a motion to compel the noted deposition. Rule 37(d) further cautions "[t]he failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c)." The magnitude of the possible sanctions that could be imposed by refusing to produce a client served with a proper notice of deposition, without first having filed a motion for a protective order, make it unwise for an attorney to threaten not to allow the deposition to proceed until after other discovery has occurred.

### 4. The Rule 26(b)(2) and 26(c) Factors.

Rules 26(b)(2) and 26(c)(1–3) give the court ample authority to resolve issues regarding the sequence and timing of deposition discovery. *See also Worm v. American Cyanamid Co.*, 5 F.3d 744, 749 (4th Cir.1993) ("It is well established that management of discovery is a matter that is within the discretion of the district court."). As stated in the court's March 14, 2002, memorandum to counsel, the answer to the question of whether a medical malpractice defendant should be deposed before the plaintiff and her expert witness, or vice versa, depends on the circumstances of each case. Factors that influence the decision include: (a) the specificity of the allegations of negligence in the pleadings[7] and the plaintiff's § 3–2A–04(b) certifi-

---

**6.** As stated earlier, however, because Dr. Edwards' deposition was not noted properly, he could not have been compelled to attend it if he had refused to do so. While a strong argument may be made that he would have been within his rights simply to refuse to attend the improperly noted deposition without seeking a protective order under Rule 26(c), a more prudent course of action would be to inform plaintiffs' counsel of the defect and the objection to the deposition date noted, and request that it be withdrawn, and a mutually agreeable date selected, as contemplated by Guideline 4.a. If plaintiffs' counsel had

refused, a cautious defense counsel also would give serious thought to filing a motion for a protective order, although it cannot be denied that this would involve additional expense. *See, e.g.*, Rule 37(d).

**7.** There are substantial differences between the pleading requirements in the state rules of civil procedure and the federal rules. For example, Maryland Rule 2–303 requires a complaint to contain "such **statements of fact** as may be necessary to show the pleaders entitlement to relief ...." (emphasis added). The Court of Appeals

cation; (b) the complexity of the claim;[8] (c) the number of defendants sued, and how clearly it may be determined what each allegedly did that was negligent; (d) whether formal or informal discovery already has taken place that informs the defendant of the factual basis for the claims; (e) the presence or absence of articulable prejudice to either the plaintiff or the defendant by delaying the deposition of the defendant until after the plaintiff and her standard of care expert have been deposed; and (f) the plaintiff's need to obtain sufficient information from the defendant to enable plaintiff's expert witness to prepare complete Rule 26(a)(2)(B) disclosures.[9] It is the obligation of counsel when filing either a motion to compel the defendant's deposition, or a motion for a protective order to prevent it, to bring to the court's attention relevant facts to address these factors.

In this case, as earlier noted, the complaint and the § 3–2A–04 certification offer no meaningful information to Dr. Edwards to enable him to determine what he allegedly did that fell below the standard of care. Plaintiffs' counsel asserts that Dr. Edwards is aware of the details of his alleged negligence "by virtue of the complaint and the certificate and report of Plaintiffs' expert." Paper No. 13, ¶ 1. As for the complaint and certificate, it is impossible to believe that plaintiffs' counsel can contend in candor that they provide any meaningful facts of Dr. Edwards' alleged negligence. Regarding the "report of Plaintiffs' expert," if plaintiffs also provided Dr. Edwards with their expert's written report, it may be that it does contain helpful facts regarding his alleged violation of the standard of care. The court, however, was not provided with a copy of it, and therefore cannot speculate about whether it did or did not provide sufficient notice. Similarly, I have no information in the record before me regarding whether any other informal or formal discovery has taken place on standard of care issues.

With respect to Dr. Edward's position, his counsel has failed to particularize any prejudice that Dr. Edwards would suffer if he is deposed before the plaintiffs or their standard of care expert. Finally, although the court file does not contain parties' Rule 26(a)(2)(B) disclosures, as they are not filed with the court, L.R. 104.5, I must assume that the plaintiffs will be required to serve their expert disclosures before the defendant when a scheduling order is issued, and that Dr. Edwards' deposition will enable plaintiffs' experts to provide complete disclosures.

On the limited record before me, however, Dr. Edwards has a legitimate argument that he should not be deposed until after he has received a fuller explanation of the factual basis for his alleged negligence. For this

---

of Maryland has made it clear that to comply with this rule, a plaintiff in a negligence case must "allege, with certainty and definiteness, facts and circumstances sufficient to set forth (a) a **duty** owed by the defendant to the plaintiff, (b) a **breach** of that duty and (c) injury **proximately** resulting from that breach." *Scott v. Jenkins*, 345 Md. 21, 28, 690 A.2d 1000 (1997) (citations omitted). In contrast, Fed.R.Civ.P. 8 only requires the plaintiff to state "a short and plain **statement of the claim** showing that the pleader is entitled to relief" (emphasis added). As the Supreme Court recently reaffirmed, this is a minimal notice requirement, and federal pretrial procedure "relies on liberal discovery rules and summary judgment motion to define disputed facts and issues...." *Swierkiewicz v. Sorema*, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002). Thus, if properly pleaded, a malpractice action in state court must contain more factual particularity than required in federal court on the details of the defendant's alleged breach of the standard of care.

8. For example, a claim that the defendant failed to remove a surgical instrument from the patient before suturing the incision closed obviously would place defendants on notice of a departure from the standard of care. In this case, however, the complaint merely alleges an unfavorable outcome from a hip replacement surgery, without explaining how the claimants departed from the standard of care.

9. This last factor is very important. While Fed. R.Civ.P. 11 and Md.Code Ann., Cts. & Jud. Proc. § 3–2A–04(b) require the plaintiff to have a sufficient factual basis to sue a health care provider, the facts that are required in a Rule 26(a)(2)(B) expert disclosures are far more comprehensive. The requirement that the plaintiff must serve expert disclosures before the defendant, under this court's standard scheduling order, means that the plaintiff has a need to have comprehensive fact discovery before doing so. This logically includes the highly relevant facts that can be learned from the defendant's deposition.

reason my March 14, 2002, memorandum to counsel ordered the plaintiffs to provide complete and unevasive answers, Rule 37(a)(3), signed and under oath, Rule 33, to the following interrogatory:

> If you contend that the Defendant, Dr. Edwards, violated the applicable standard of care in connection with his treatment of Mr. Keller, then state with particularity the facts on which you intend to rely to support this claim.

 Because Dr. Edwards has not demonstrated, however, that he would suffer any prejudice by being deposed before the plaintiffs and their standard of care expert,[10] provided he first has the information that will be given in the plaintiffs' answer to the interrogatory I have ordered, his demand that plaintiffs and their expert be deposed before he is must be denied. Accordingly, I ordered that Dr. Edwards would be deposed within ten days of service of the interrogatory answer discussed above, unless counsel mutually agree to another date, and the deposition of plaintiffs' expert would not take place in the interim.[11]

*Conclusion.*

For the foregoing reasons, plaintiff's motion to compel is granted, in part, and denied, in part.

---

10. Dr. Edwards did submit as exhibits to his memorandum in support of his opposition to the motion to compel a copy of two orders from Maryland circuit courts that had granted orders denying motions to compel such as those filed by the plaintiffs in this case. Paper No. 11, Exhibits E and F. These orders are of minimal assistance in the present case. First, neither contains any analysis or explanation for the reason for the ruling, or the facts underlying the dispute. Second, the state rules of procedure contain no equivalent to Fed.R.Civ.P. 26(a)(2)(B) expert witness disclosures. A state court therefore might be less inclined to allow the plaintiff to depose the defendant before the plaintiff's expert is deposed, as there is less urgency underlying the plaintiff's desire to depose the defendant first.

11. This order governs only the timing of the deposition of Dr. Edwards, which may take place before the scheduling order is issued in this case commencing the remaining discovery to be had. If counsel wish to proceed with additional discovery prior to the issuance of a scheduling order, they should file a motion with the court or agree informally among themselves to proceed with discovery.